**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BETTY AGEE,** Individually and as Representative of the Estate of **RICHARD L. AGEE;** | ) ) ) | |
| | ) | |
| **J.C. ALLEN;** | ) | |
| | ) | |
| **CHARLES ERWIN ANDERSON;** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **BILLY W. ARY;** | ) | _____ |
| | ) | |
| **DONALD R. AVIS;** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **WILLIAM BELL;** | ) | |
| | ) | |
| **WILLIE L. BENNETT, SR.;** | ) | |
| | ) | |
| **THOMAS E. BENTON;** | ) | |
| | ) | |
| **JERRY L. BIAS,** Individually and as Representative of the Estate of **ROOSEVELT BIAS;** | ) ) ) | |
| | ) | |
| **ENZA L. BISHOP,** Individually and as Representative of the Estate of **BRADLEY BISHOP;** | ) ) ) | |
| | ) | |
| **JOHN E. BLACK;** | ) | |
| | ) | |
| **ELMER Q. BLACK, JR.;** | ) | |
| | ) | |
| **JOSEPH BLAU;** | ) | |
| | ) | |
| **FRANK C. BOND;** | ) | |
| | ) | |
| **ROBERT E. BRANTON;** | ) | |
| | ) | |
| **JEWEL BRASHER, I**ndividually and as Representative of the Estate of **NORMAN BRASHER;** | ) ) ) | |
| | ) | |
| **JOHN M. BROWN;** | ) | |
| | ) | |
| **EVERETT L. BROWN;** | ) | |
| | ) | |

1

| | |
|---|---|
| **CLAUDE B. BURROW;** | ) |
| | ) |
| **JAMES A. BUTLER;** | ) |
| | ) |
| **SHADRACH M. CAMPBELL;** | ) |
| | ) |
| **THOMAS J. CARMACK, SR.;** | ) |
| | ) |
| **MARILYN CARREKER,** Individually | ) |
| and as Representative of the Estate of | ) |
| **C. RUSSELL CARREKER;** | ) |
| | ) |
| **JOE CASH,** Individually and as | ) |
| Representative of the Estate of | ) |
| **CHARLIE WILLIAMS, JR.;** | ) |
| | ) |
| **LAYTON CLARK;** | ) |
| | ) |
| **JOHN T. COKER;** | ) |
| | ) |
| **EARNESTINE COLBERT,** | ) |
| Individually and as Representative of the | ) |
| Estate of **JOHN COLBERT;** | ) |
| | ) |
| **ANNIE COOPER,** Individually and as | ) |
| Representative of the Estate of **LEROY** | ) |
| **COLEMAN;** | ) |
| | ) |
| **MARION CRAWLEY,** Individually | ) |
| and as Representative of the Estate of | ) |
| **RUSSELL CRAWLEY;** | ) |
| | ) |
| **A.E. CURRY, JR.;** | ) |
| | ) |
| **LARRY D. DABBS** and | ) |
| **JACQUELINE F. CARTER,** | ) |
| Individually and as Representative of the | ) |
| Estate of **TOM J. DABBS;** | ) |
| | ) |
| **CECIL H. DAVISON;** | ) |
| | ) |
| **WILLIAM B. DOBBINS;** | ) |
| | ) |
| **RUFUS V. DOBBS;** | ) |
| | ) |
| **ANDREW J. DOLLAR;** | ) |
| | ) |

| | |
|---|---|
| **GLORIA ECHOLS,** Individually and as Representative of the Estate of **GARRETT HUFFMAN;** | ) ) ) |
| | ) |
| **WILLIAM H. ELLEGOOD;** | ) ) |
| **DAVID L. ERVIN;** | ) ) |
| **HENRY WAYNE FALKNER;** | ) ) |
| **FRANCES FORT FITZPATRICK,** Individually and as Representative of the Estate of **WILLIAM FITZPATRICK;** | ) ) ) ) |
| **CHARLES FLOYD;** | ) ) |
| **JERRY E. FRAZIER;** | ) ) |
| **LLOYD D. FUQUA;** | ) ) |
| **WILLIAM STEVEN GANUS;** | ) ) |
| **MARY A. GIBBS,** Individually and as Representative of the Estate of **GEORGE A. GIBBS, SR.;** | ) ) ) ) |
| **WALTER GIBBS, JR.;** | ) ) |
| **EDDIE C. GIDDENS;** | ) ) |
| **ELIZABETH D. GLASGOW,** Individually and as Representative of the Estate of **WILLIAM GLASGOW;** | ) ) ) ) |
| **JEAN HAMBY,** Individually and as Representative of the Estate of **JAMES LANIER HAMBY;** | ) ) ) ) |
| **KAY HARRELL,** Individually and as Representative of the Estate of **RICHARD KEITH TAYLOR;** | ) ) ) ) |
| **JAMES H. HEATON;** | ) ) |
| **EARVELEE HERALD;** | ) ) |
| **JAMES E. HOBGOOD,** Individually | ) |

| | | |
|---|---|---|
| and as Representative of the Estate of **JAMES L. HOBGOOD;** | ) ) ) | |
| **PEGGY HOGAN,** Individually and as Representative of the Estate of **JAMES R. HOGAN;** | ) ) ) ) | |
| **MELBA HOLLAND,** Individually and as Representative of the Estate of **ELVIN LUSTER HOLLAND;** | ) ) ) ) | |
| **HILLARD H. HOLLINGSWORTH;** | ) ) | |
| **ISSIAC HOLT;** | ) ) | |
| **LOUISE E. HOSTETLER,** Individually and as Representative of the Estate of **GILBERT HOSTETLER;** | ) ) ) ) | |
| **MILDRED ISBELL,** Individually and as Representative of the Estate of **QUINTON ISBELL;** | ) ) ) ) | |
| **BUD A. JACKSON;** | ) ) | |
| **ADDIE B. JAMES,** Individually and as Representative of the Estate of **BOBBY L. JACKSON;** | ) ) ) ) | |
| **CHARLES L. JOHNSON;** | ) ) | |
| **MARY STUART JONES,** Individually and as Representative of the Estate of **JACK JONES;** | ) ) ) ) | |
| **RALPH JONES;** | ) ) | |
| **LESTER N. JORDAN;** | ) ) | |
| **TRENT KELLER,** Individually and as Representative of the Estate of **SHERAN K. KELLER;** | ) ) ) ) | |
| **BARBARA J. KIMBROUGH,** Individually and as Representative of the Estate of **KENNETH W. KIMBROUGH;** | ) ) ) ) ) | |

| | |
|---|---|
| **ROY F. KING,** Individually and as Representative of the Estate of **JOHN W. BARTON;** | ) ) ) ) |
| **PAMELA KING,** Individually and as Representative of the Estate of **ALICE MADSEN;** | ) ) ) ) |
| **DEBORAH KIRK,** Individually and as Representative of the Estate of **JAMES LEE KIRK;** | ) ) ) ) |
| **RICHARD LARDE, JR.;** | ) ) |
| **BETTY SUE LINDSEY,** Individually and as Representative of the Estate of **ERNEST J. LINDSEY;** | ) ) ) ) |
| **WILLIAM M. LOGAN;** | ) ) |
| **JERRY O. LOGGINS;** | ) ) |
| **JOHN E. LONG;** | ) ) |
| **ED LYNN,** Individually and as Representative of the Estate of **CHARLES E. LYNN, SR.;** | ) ) ) ) |
| **BILLY R. MANNING;** | ) ) |
| **RODNEY O. MAY;** | ) ) |
| **FRED C. MCDONNELL,** Individually and as Representative of the Estate of **FRED O. MCDONNELL;** | ) ) ) ) |
| **GEORGE W. MCLANE;** | ) ) |
| **WALTON C. MILLER;** | ) ) |
| **WILBERT MILLER, JR.,** Individually and as Representative of the Estate of **WILBERT MILLER, SR.;** | ) ) ) ) |
| **RICHARD L. MITCHELL;** | ) ) ) |

| | |
|---|---|
| **PATRICIA MOORE,** Individually and as Representative of the Estate of **ELLEN MOSS;** | ) ) ) ) |
| **ALICE MORGAN,** Individually and as Representative of the Estate of **MARDIS MORGAN;** | ) ) ) ) |
| **AARON C. MORRIS;** | ) ) |
| **MILES G. NELSON;** | ) ) |
| **WILLIAM SCOTT NIX,** Individually and as Representative of the Estate of **BILLY F. NIX;** | ) ) ) ) |
| **SANFORD R. POSEY;** | ) ) |
| **FRANCES POTTER,** Individually and as Representative of the Estate of **DELBERT POTTER;** | ) ) ) ) |
| **JAMES H. REA;** | ) ) |
| **MARY REDWINE,** Individually and as Representative of the Estate of **NATHAN REDWINE;** | ) ) ) ) |
| **ALLEN REMBERT;** | ) ) |
| **RONALD J. REYNOLDS;** | ) ) |
| **JO RODGERS,** Individually and as Representative of the Estate of **JACK L. RODGERS;** | ) ) ) ) |
| **DONALD A. SALTER;** | ) ) |
| **GERALD SARTAIN,** Individually and as Representative of the Estate of **LESTER V. SARTAIN;** | ) ) ) ) |
| **HILDA SHARP,** Individually and as Representative of the Estate of **CLARENCE SHARP;** | ) ) ) ) |
| **JAMES D. SHEPPEARD;** | ) |

| | |
|---|---|
| **LEWIS H. SKINNER, SR.;** | ) |
| | ) |
| **NELLIE SMILEY,** Individually and as Representative of the Estate of **WILLIE JAMES SMILEY;** | ) ) ) |
| | ) |
| **GEORGE E. SMITH;** | ) |
| | ) |
| **MILDRED J. SMITH,** Individually and as Representative of the Estate of **GEORGE C. SMITH;** | ) ) ) |
| | ) |
| **LENA ANN M. SNIDER,** Individually and as Representative of the Estate of **CHARLES SNIDER;** | ) ) ) |
| | ) |
| **CHESTER SPRALLING;** | ) |
| | ) |
| **CLARA STATON,** Individually and as Representative of the Estate of **ELMER STATON;** | ) ) ) |
| | ) |
| **JOHNNY J. SWAIN, JR.;** | ) |
| | ) |
| **CHARLES R. THORN;** | ) |
| | ) |
| **WANDA G. TIPTON,** Individually and as Representative of the Estate of **BEN TIPTON;** | ) ) ) |
| | ) |
| **SANDRA WASHINGTON,** Individually and as Representative of the Estate of **JOSEPH ROLLING;** | ) ) ) |
| | ) |
| **JAMES T. WEATHERS;** | ) |
| | ) |
| **ROBERT M. WEEMS;** | ) |
| | ) |
| **DONALD R. WHITE;** | ) |
| | ) |
| **CHARLES A. WICKS;** | ) |
| | ) |
| **JAMES H. WILLIAMS;** | ) |
| | ) |
| **DOROTHY WILLIAMSON,** Individually and as Representative of the Estate of **JOHN L. PATTERSON;** | ) ) ) |

| | |
|---|---|
| **LINDA WRIGHT,** Individually and as Representative of the Estate of **BILLY J. WRIGHT** | ) ) ) ) |
| **V.** | ) ) |
| **A.W. CHESTERTON;** | ) ) |
| **ALBANY INTERNATIONAL CORPORATION;** | ) ) ) |
| **AMERICAN STANDARD, INC.;** | ) ) |
| **AMERICAN STERILIZER COMPANY;** | ) ) ) |
| **ASTENJOHNSON, INC.;** | ) ) |
| **BRANDON DRYING FABRICS, INC.;** | ) ) ) |
| **BRASA, INC.;** | ) ) |
| **CBS CORPORATION** f/k/a **VIACOM INC.,** Successor by merger to **CBS CORPORATION** f/k/a **WESTINGHOUSE ELECTRIC CORPORATION;** | ) ) ) ) ) ) |
| **CLEAVER-BROOKS,** a division of **AQUA-CHEM;** | ) ) ) |
| **COOPER INDUSTRIES, LLC,** f/k/a **COOPER INDUSTRIES, INC.,** Individually and as Successor in Interest to **CROUSE-HINDS, COOPER COMPANY;** | ) ) ) ) ) ) |
| **CROWN, CORK & SEAL COMPANY, INC.;** | ) ) ) |
| **EXXON MOBIL OIL CORPORATION;** | ) ) ) |
| **FOSTER WHEELER CORPORATION;** | ) ) ) |

| | |
|---|---|
| **GARLOCK, INC.;** | ) |
| | ) |
| **GENERAL ELECTRIC COMPANY;** | ) |
| | ) |
| **GEORGIA-PACIFIC** | ) |
| **CORPORATION;** | ) |
| | ) |
| **IMO INDUSTRIES, INC.;** | ) |
| | ) |
| **INDUSTRIAL HOLDINGS,** | ) |
| **CORPORATION F/K/A THE** | ) |
| **CARBORUNDUM COMPANY;** | ) |
| | ) |
| **INGERSOLL-RAND COMPANY;** | ) |
| | ) |
| **MT. VERNON DRYER FELT** | ) |
| **COMPANY, A DIVISION OF MT.** | ) |
| **VERNON MILLS;** | ) |
| | ) |
| **MOUNT VERNON MILLS, INC.;** | ) |
| | ) |
| **OWENS-ILLINOIS, INC.;** | ) |
| | ) |
| **RAPID AMERICAN** | ) |
| **CORPORATION, RAPID** | ) |
| **AMERICAN CORPORATION IS** the | ) |
| successor-in-interest to the liability of the | ) |
| Philip Carey Corporation as a result of an | ) |
| express assumption of all liabilities and | ) |
| merger with the Glen Allen Corporation, | ) |
| the predecessor-in-interest to Rapid | ) |
| American Corporation.  Prior to its | ) |
| merger with Rapid American | ) |
| Corporation, the Glenn Allen | ) |
| Corporation, in 1967 merged with and | ) |
| expressly assumed the liabilities of the | ) |
| Philip Carey Manufacturing Company | ) |
| | ) |
| **RILEY POWER, INC. AS** | ) |
| **SUCCESSOR IN INTEREST TO** | ) |
| **RILEY STOKER CORPORATION;** | ) |
| | ) |
| **SCAPA GROUP, INC. (VOIGHT);** | ) |
| | ) |
| **SCAPA FABRICS, INC.;** | ) |
| | ) |
| **SEPCO CORPORATION;** | ) |

| | |
|---|---|
| **U. C. REALTY CORP., FORMERLY MHC HOLDING AND LAND CORPORATION, FORMERLY HOMECRAFTERS CENTERS, INC., FORMERLY MOORE-HANDLEY, INC.;** | ) ) ) ) ) ) |
| **UNIROYAL FIBER & TEXTILE DIVISION OF UNIROYAL, INC.;** | ) ) ) |
| **USX CORPORATION AS SUCCESSOR IN INTEREST TO UNITED STATES STEEL, LLC, FORMERLY KNOWN AS TENNESSEE COAL AND IRON;** | ) ) ) ) ) ) |
| **YORK INTERNATIONAL CORPORATION;** | ) ) ) |
| **ZURN INDUSTRIES, INC.;** | ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs allege and complain against the above-named Defendants, and each demands a jury trial of all issues and causes of actions:

## JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332. Plaintiffs are residents of the states of Alabama, Tennessee, Florida, Mississippi, Minnesota, South Carolina, Illinois, Utah, and California, and Defendants are corporations whose headquarters and principal places of business are in states other than those listed.  The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 and is within the jurisdiction of this Court.

## STATUTE OF LIMITATIONS

"Federal courts sitting in diversity cases must apply the substantive laws of the states in

which they sit, and statutes of limitations are considered substantive." *Van Buskirk v. Carey Canadian Mines, Ltd.* 760 F.2d 481(3rd Cir. Pa.,1985).  Therefore, the Delaware statute of limitations, and other related statutes, apply to this case.

The Delaware Savings Statute, 10 Del. C. § 8118, is one such related statute.  It states that "[i]f in any action duly commenced within the time limited therefore in this chapter, the writ fails of a sufficient service or return by any unavoidable accident, or by any default or neglect of the officer to whom it is committed; or if the writ is abated, or the action otherwise avoided or defeated by the death of any party thereto, or for any matter of form …a new action may be commenced, for the same cause of action, at any time within one year after the abatement or other determination of the original action…." These cases were originally filed within the applicable statutes of limitations, and were dismissed for reasons enumerated in the statute, and are therefore timely filed under the Savings Statute.

## BACKGROUND FACTS — THE PLAINTIFFS

1.    Plaintiff **BETTY AGEE** is a resident of Florence, Alabama, in Lauderdale County, with her domicile in Lauderdale County. Her decedent **RICHARD L. AGEE** was a resident of Florence, Alabama in Lauderdale County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Martin Industries as a laborer located in Sheffield, Alabama from 1951 to 1953, and Reynolds Metals as a laborer located in Listerhill, Alabama from 1953 to 1982.  He was a member of the United States Army from 1948 until 1951. Plaintiff's Decedent was exposed to

11

significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, March 15, 1998.  This case is brought by Betty Agee.

2.      Plaintiff **J. C. ALLEN** is a resident of Moody, Alabama in St. Clair County, with his domicile in St. Clair County.

Plaintiff  was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: CXS Railroad as a laborer in 1950 located in Birmingham, Alabama; W.H. Hutchinson & Sons, Inc., as a machinist from 1956 to 1957 in Chicago, Illinois; SVI Corporation as a machinist from 1957 to 1958 in Birmingham, Alabama; Sears Roebuck & Company as a machinist from 1958 to 1959 in Tucker, Georgia; Norfolk Southern Railroad as a switchman from 1960 to 1992. Plaintiff was also in the United States Navy as a laborer in the Radar Outfit throughout Alabama from 1950 to 1953.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

3.      Plaintiff **CHARLES ERWIN ANDERSON** is a resident of Mt. Pleasant, Tennessee in Maury Clair County, with his domicile in Maury County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: CXS Railroad as a conductor from 1966 to 2000 located in Birmingham, Alabama; Plaintiff was

12

also in the United States Army as a mail clerk from 1962 to 1965. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

4.    Plaintiff **BILLY W. ARY** is a resident of Silverhill, Alabama, in Baldwin County, with his domicile in Baldwin County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Southern Railroad as a operator from 1960 to 1990 located in Anniston, Alabama. Plaintiff was also in the United States Navy and was stationed on both the USS Courier and the USS Franklin Roosevelt as a steamfitter from 1951 to 1959. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

5.    Plaintiff **DONALD R. AVIS** is a resident of Semmes, Alabama, in Baldwin County, with his domicile in Baldwin County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: CXS Railroad as a maintenance technician from 1971 to 1992 located in Jacksonville, Alabama; CXS Railroad as a maintenance supervisor located in Mobile, Alabama from 1992 to 1996. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

6.    Plaintiff **WILLIAM BELL** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Southern Railroad as a laborer from 1948 to 1969 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

7.    Plaintiff **WILLIE L. BENNETT, SR.** is a resident of Tarrant, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: A&P Warehouse as a stocker from 1969 to 1976 in Birmingham, Alabama; Norfolk Southern Railroad as a switchman from 1977 to present in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on March 15, 1998.

8.    Plaintiff **THOMAS E. BENTON** is a resident of Hayden, Alabama, in Blount County, with his domicile in Blount County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: American Cast Iron and Pipe Company as a laborer from 1966 to 1967 in Birmingham, Alabama; Gulf States Paper Company as a forklift operator from 1967 to 1968 in Maplesville, Alabama; Harbert Construction as a laborer in 1968 located in Birmingham, Alabama; Thompson Tractor Company as a mechanic from 1968 to 1969 in Birmingham, Alabama; Whittichen Supply Company as a laborer from 1969 to 1971 in Birmingham, Alabama; Roebuck Chapel Funeral Homas as an assistant from 1971 to 1972; Norfolk Southern Railroad as a conductor from 1972 to present in Birmingham, Alabama; Plaintiff  was also in the Army as a heavy equipment operator stationed in Fort Leonardwood, Missouri from 1965 to 1971.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products.  Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

9.      Plaintiff **JERRY JAMES BIAS, JR.** is a resident of Bellamy, Alabama, in Sumter County, with his domicile in Sumter County. His decedent **ROOSEVELT BIAS** was a resident of Bellamy, Alabama in Sumter County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to: Norfolk Southern Railroad in Birmingham, Alabama from 1955 until 1998 in maintenance. Plaintiff's Decedent was exposed significant amounts of asbestos-containing

products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, November 5, 2001. This case is brought by **JERRY JAMES BIAS, JR.**

10.    Plaintiff **ENZA L. BISHOP** is a resident of Clanton, Alabama, in Chilton County, with her domicile in Chilton County. Her decedent, **BRADLEY BISHOP** was a resident of Clanton, Alabama, in Chilton County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to: Pullman Standard as a laborer from 1948 to 1955 in Chicago, Illinois; Chickasaw Steam Plant (a division of Alabama Power) as a laborer from 1956 to 1958 in Chickasaw, Alabama; Barry Steam Plant (a division of Alabama Power) as a laborer from 1958 to 1961 in Mobile, Alabama; Mitchell Dam (a division of Alabama Power) as a laborer from 1961 to 1970 in Verbena, Alabama; Lay Dam (a division of Alabama Power) as a laborer from 1970 to 1971 in Clanton, Alabama; Mitchell Dam (a division of Alabama Power) as a laborer from 1971 to 1991 in Verbena, Alabama.  Plaintiff's Decedent was exposed to significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of lung cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, March 4, 1998.  This case is brought by **ENZA L. BISHOP.**

11.    Plaintiff **JOHN E. BLACK** is a resident of Birmingham, Alabama in Jefferson

16

County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Central Illinois Railroad as a laborer from 1946 to 1954 located in Birmingham, Alabama; Hormel Company as a maintenance technician from 1954 to 1970 in Birmingham, Alabama; National Life Insurance Company as a clerk from 1971 to 1989 in Birmingham, Alabama. Plaintiff was also in the United States Navy as a maintenance technician on Ship #391,907 from 1944 to 1946 which was stationed in Massachusetts, Rhode Island, Georgia, Texas, Arizona, Virginia, Florida, Mississippi, Kentucky, and Illinois. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

12.    Plaintiff **ELMER Q. BLACK, JR.** is a resident of Anniston, Alabama in Calhoun County, with his domicile in Calhoun County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Southern Railroad a railroad worker from 1947 to 1993 located in Birmingham, Alabama; Plaintiff was also in the United States Army in the artillery division from 1952 to 1953 in Korea. Plaintiff was also in the Army as a maintenance technician on the USS Phoenix and the USS Wiegel from 1951 to 1953. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed

with Asbestosis, an asbestos related disease on May 27, 1998.

13.     Plaintiff **JOSEPH BLAU** is a resident of Anniston, Alabama in Calhoun County, with his domicile in Calhoun County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Irondale Elementary as a laborer from 1945 to 1947, located in Irondale, Alabama; Woodlawn High School as a laborer from 1945 to 1947 in Irondale, Alabama; Atlantic Refinery as a laborer from 1953 to 1956 in Philadelphia, Pennsylvania; Tully Plumbing Company as a foreman from 1953 to 1962 in Birmingham, Alabama; Lenz Plumbing Company as a Foreman from 1953 to 1962 in Birmingham, Alabama; National Contractors as a Field Superintendent from 1953 to 1962 in Birmingham, Alabama; Eskew & Sons as a Journeyman from 1962 to 1974 in Birmingham, Alabama; Blau Plumbing Company as a plumber from 1975 to 1982 in Birmingham, Alabama; EB Construction Company as a field superintendent from 1982 to 1996 in Birmingham, Alabama; Redstone Arsenal as a laborer from 1993 to 1996 in Fort McClellan, Alabama;  Plaintiff was also in the Navy as a boiler room attendant and pipe fitter  on the USS Salisbury, USS Boxer and the USS Phillipin from 1948 to 1952.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on January 7, 2004.

14.     Plaintiff **FRANK C. BOND** is a resident of Georgiana, Alabama in Butler County, with his domicile in Butler County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to: CXS Transportation as a laborer from 1942 to 1983 located in Mobile, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

15.    Plaintiff **ROBERT E. BRANTON** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Southern Railroad as a switchman from 1959 to 1997 located in Irondale, Alabama; Amtrack Railroad as a locomotive engineer from 1988 to 1997 located in Alabama, Georgia, and New Orleans. Plaintiff was also in the United States Navy from 1955 to 1958. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

16.    Plaintiff **JEWEL BRASHER** is a resident of Pelham, Alabama, in Shelby County, with her domicile in Shelby County. Her decedent, **NORMAN BRASHER** was a resident of Pelham, Alabama in Shelby County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not

limited to: Yeager Tin Shop as a laborer from 1948 to 1951 located in Pelham, Alabama; Birmingham Line as a from 1955 to 1958 in Birmingham, Alabama; McCullough Industries as a laborer from 1960 to 1964 in Birmingham, Alabama; Industrial Crane as a laborer from 1964 to 1977 in Helena, Alabama; Cecil M. Stallings as a laborer from 1968 to 1969 in Tuscaloosa, Alabama; Alabama Power Company as a laborer from 1977 to 1980 in Birmingham, Alabama. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, April 3, 2002. This case is brought by **JEWEL BRASHER.**

17.     Plaintiff **JOHN M. BROWN** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Railroad as a switchman from 1967 to 1992 located in Birmingham, Alabama; Indiana Harbor Belt as a locomotive engineer from 1994 to 1995 in Hammonds, Indiana; Short Lineway as a locomotive engineer and railway contractor from 1998 to present in Birmingham, Alabama. Plaintiff was also in the United States Navy as a mine sweeper from 1965 to 1967 on the USS Notable.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

18.     Plaintiff **WILMA D. BROWN** is a resident of Remlap, Alabama, in Blount

County, with her domicile in Blount County. Her decedent **EVERETT L. BROWN** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to: Frisco Railroad as a switchman and lineman from 1946 to 1955 in Birmingham, Alabama; L&N Railroad as a switchman and lineman from 1946 to 1955 in Birmingham, Alabama; City of Brighton Police Department as a Police Officer from 1955 to 1960 in Brighton, Alabama; Self Employed as a carpenter from 1961 to 1991 in Birmingham, Alabama. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 31, 2000. This case is brought by **WILMA D. BROWN.**

19.    Plaintiff **CLAUDE B. BURROW** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Norfolk Southern Railroad as a switchman, engineer and fireman from 1941 to 1986 in Birmingham, Alabama. Plaintiff was also in the United States Army as a gunner from 1943 to

1946 while stationed in Europe.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

20.     Plaintiff **JAMES A. BUTLER** is a resident of Hayden, Alabama in Blount County, with his domicile in Blount County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to: Dyer Electric Company as a laborer from 1957 to 1958 in Birmingham, Alabama; Frisco Railroad as a fireman from 1962 to 1964 in Birmingham, Alabama; U.S. Pipe as a laborer from 1964 to 1966 in Birmingham, Alabama; Burlington Northern Railroad as a locomotive engineer from 1966 to 1993 in Birmingham, Alabama; Rail Connection. Inc. as a switchman from 1999 to present.  Plaintiff was also in the United States Marines as a laborer from 1958 to 1965 stationed in North Carolina, South Carolina, and Alabama.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

21.     Plaintiff **SHADRACH M. CAMPBELL** is a resident of Fairfield, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to University of Alabama-Birmingham Hospital as a nursing assistant from 1962 to 1963 in

Birmingham, Alabama; Birmingham Slag as a laborer in 1963 located in Birmingham, Alabama; Woodward Iron Company as a maintenance worker  from 1963 to 1965 in Birmingham, Alabama; Norfolk Southern Railroad as a locomotive engineer from 1965 to present in Birmingham, Alabama; Plaintiff was also in the Army as a cook from 1959 to 1962.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

22.     Plaintiff **THOMAS J. CARMACK, SR.** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a laborer from 1940 to 1986 in Birmingham, Alabama.  Plaintiff was also in the Army from 1944 to 1946.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

23.     Plaintiff **MARILYN CARREKER** is a resident of Irondale, Alabama, in Jefferson County, with her domicile in Jefferson County. Her decedent **C. RUSSELL CARREKER** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

23

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Home Insulation Co. as an insulator located in Birmingham, Alabama from 1944 to 1945 and Southern Wire & Steel as a wireman located in Birmingham, Alabama from 1946 to 1948 and Fly Ash Arestor Corp. as a laborer located in Birmingham, Alabama from 1948-1949 and McNeil Moore Inc as a laborer located in Birmingham, AL from 1950-1968 and City of Birmingham as a laborer located in Birmingham, AL from 1967-1970 and LP Gas Inc. as a laborer located in Macon, GA from 1969-1984 and Tarrant Plumbing as a pipe welder located in Tarrant, AL from 1984 to 1989 and All Gas Inc. as a laborer located in Gardendale, AL from 1989 to 1993 and St. Joe Paper Co. as a laborer located in Birmingham, AL from 1944-1989 and US Gypsum as a laborer located in Jacksonville, Florida from 1944-1989 and National Standard as a laborer located in Birmingham, Alabama from 1944-1989 and Crown Textile as a laborer located in Talladega, Alabama from 1944-1989 and Golden Flake as a laborer located in Birmingham, AL from 1944-1989 and Brockway Glass as a laborer located in Montgomery, Alabama from 1944-1989 and Anderson Electric as a laborer located in Leeds, Alabama from 1944-1989 and Alabama State Highway as a laborer located in Bessemer, AL from 1944-1989 and American Coal as a laborer located in Cullman, Alabama from 1944-1989 and Alabama Metal Products as a laborer located in Mississippi from 1944-1989 and Alluminex as a laborer located in Hernando, MS from 1944-1989 and Abex Corp. as a laborer located in Calera, AL from 1944-1989 and Birmingham Clay Co. as a laborer located in Birmingham, Alabama from 1944-1989 and Bama Foods as a laborer located in Birmingham, Alabama from 1944-1989 and Thomas Foods as a laborer located in Columbus, GA from 1944-1989 and Cosby Hodges as a laborer located in Birmingham, Alabama from 1944-1989 and Celotex as a laborer located in Birmingham, Alabama from 1944-1989 and Dover Elevator as a laborer located in Horn Lake, Mississippi from 1944-1989 and Gerber Plant as a laborer located in Tarrant, Alabama from

1944-1989 and Onan as a laborer located in Huntsville, Alabama from 1944-1989. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, March 13, 2001. This case is brought by **MARILYN CARREKER.**

24.    Plaintiff **JOE CASH** is a resident of McCalla, Alabama in Jefferson County, with her domicile in Jefferson County. His decedent **CHARLIE WILLIAMS, JR.** was a resident of McCalla, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to,  ABC Coke in Tarrant, Alabama from 1940 until the 1970s as a laborer and at McDonald Furniture in Birmingham, Alabama from 1976 until 1996 as a laborer. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 29, 1999.  This case is brought by **JOE CASH**.

25.    Plaintiff **LAYTON CLARK** is a resident of Pleasant Grove, Alabama in Jefferson County, with his domicile in Jefferson County.

 Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to Faubers Meat Market as a butcher from 1946 to 1950 in Waynesboro, Virginia; Heckett Company as a mechanic and crane operator from 1953 to 1996 in Alabama; U.S. Steel as a laborer from 1953 to 1996 in Birmingham, Alabama. Plaintiff was also in the Air Force as a butcher from 1950 to 1953 in Alabama and Texas.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on February 10, 1999.

26.    Plaintiff **JOHN T. COKER** is a resident of Dolomite, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Southern Railroad  as a laborer from 1966 to 1981 in various locations throughout the Southeast; Thomas Trucking as a owner and driver from 1981 to 1994 in Birmingham, Alabama; Pleasant Grove Tire as a mechanic from 1994 to 2001 in Pleasant Grove, Alabama; Southern Store Fixtures as a laborer from 2001 to present in Birmingham, Alabama; Plaintiff was also in the National Guard as infantry from 1960 to 1966. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Throat Cancer, an asbestos related disease on May 27, 1998.

27.    Plaintiff **EARNESTINE COLBERT** is a resident of Jasper, Alabama, in Walker County, with her domicile in Walker County. Her decedent **JOHN COLBERT** was a resident of Jasper, Alabama in Walker County.

26

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, B.F. Goodrich as a laborer from 1962 to 1968 in Jasper, Alabama; Utility Board as a laborer in the sewage department from 1972 to 1980 in Jasper, Alabama. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, April 22, 1999. This case is brought by **EARNESTINE COLBERT**.

28.    Plaintiff **ANNIE COOPER** is a resident of Tarrant, Alabama, in Jefferson County, with her domicile in Jefferson County. Her decedent **LEROY COLEMAN** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent contracted one or more asbestos-related diseases including Asbestosis from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, L&N Railroad as a switchman and laborer from 1951 to 1984 in Newcastle, Alabama. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and

asbestos-containing materials and products, on or about, June 18, 2003. This case is brought by **ANNIE COOPER**.

29.    Plaintiff **MARION CRAWLEY** of Muscle Shoals, Alabama, in Colbert County, with her domicile in Colbert County. Her decedent **RUSSELL CRAWLEY** was a resident of Muscle Shoals, Alabama in Colbert County.

Plaintiff's Decedent contracted one or more asbestos-related diseases including Asbestosis from which he died. Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Reynolds Metals as a laborer from 1941 to 1978 in Muscle Shoals, Alabama. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, April 26, 1999. This case is brought by **MARION CRAWLEY**.

30.    Plaintiff **A. E. CURRY, JR.** is a resident of Pelham, Alabama in Shelby County, with his domicile in Shelby County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Curry Prince Plaster as a plasterer from 1946 to 1951 in Birmingham, Alabama; Rayon Mill as a Plasterer from 1951 to 1952 in Childersburg, Alabama; Savannah River Nuclear as a plasterer

and insulator from 1950 to 1953 in Aiken, South Carolina; Southern Lightweight as a foreman from 1957 to 1958 in Birmingham, Alabama; Christie Plastering as a plasterer from 1957 to 1958 in Birmingham, Alabama; Simpson Plastering Company as a plasterer from 1958 to 1964 in Birmingham, Alabama; Curry Business Forms as a clerk and salesman from 1964 to present. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Pleural Disease, an asbestos related disease on March 22, 2006.

31.     Plaintiff **LARRY D. DABBS** and **JACQUELINE CARTER** are residents of Rogersville, Alabama, in Lauderdale County, with their domicile in Lauderdale County. Their decedent **TOM J. DABBS** was a resident of Rogersville, Alabama in Lauderdale County.

Plaintiff's Decedent contracted one or more asbestos-related diseases including Lung Cancer from which he died.  Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Tennessee Valley Authority as a laborer from 1945 to 1982 in Muscle Shoals, Alabama; Decedent was self employed as a mechanic from 1982 to 1998 in Rogersville, Alabama.  Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, May 7, 1999. This case is brought by **LARRY D. DABBS** and **JACQUELINE CARTER**.

32.    Plaintiff **CECIL H. DAVISON** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Burlington Northern Railroad as a conductor and engineer from 1968 to 2000 in Birmingham, Alabama as well as Mississippi and Tennessee; Plaintiff was also in the Air Force as a supply clerk from 1964 to 1968 in Texas, Tennessee, and Germany.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Lung Cancer, an asbestos related disease on September 08, 2005.

33.    Plaintiff **WILLIAM B. DOBBINS** is a resident of Warrior, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a carman from 1967 to present in Birmingham, Alabama.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

34.    Plaintiff **RUFUS V. DOBBS** is a resident of Trafford, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to Suburban Gas Company as a laborer from 1962 to 1965 in Bessemer, Alabama; LeCroy Heating & Cooling as a laborer from 1965 to 1972 in Birmingham, Alabama; Central Train Heating as a laborer from 1972 to 1974 in Birmingham, Alabama; Southern Electric as a laborer from 1974 to 1977 in Birmingham, Alabama; Norfolk Southern Railroad as a trainman from 1978 to 2002 in Birmingham, Alabama. Plaintiff was also in the Army in Radar Maintenance from 1959 to 1962 in South Carolina and California. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

35.    Plaintiff **ANDREW J. DOLLAR** is a resident of Montevallo, Alabama in Shelby County, with his domicile in Shelby County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to CSX Railroad as a laborer and trackman from 1944 to 1986 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

36.    Plaintiff **GLORIA ECHOLS** is a resident of Afton, Minnesota, in Washington County, with her domicile in Washington County. Her decedent **GARRETT HUFFMAN** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the

stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, CSX Transportation as a car man located in Birmingham, Alabama from 1939 to 1981 and he was a member of the Army from 1942 until 1945. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, January 26, 2003. This case is brought by Gloria Echols.

37.     Plaintiff **WILLIAM H. ELLEGOOD** is a resident of Keystone Heights, Florida in Clay County, with his domicile in Clay County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a clerk from 1964 to 2001 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment. As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Pleural Disease, an asbestos related disease on May 27, 1998.

38.     Plaintiff **DAVID L. ERVIN** is a resident of Gardendale, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to CSX Railroad in Birmingham, Alabama from 1976 to present as a laborer and locomotive

engineer. He was also a member of the Marines from 1970 until 1974. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

39.     Plaintiff **HENRY WAYNE FALKNER** is a resident of Vandiver, Alabama, in Cullman County, with his domicile in Cullman County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Moore's Food Center in Vandiver, Alabama as a laborer from 1968 until 1969; Goodall Dry Foods in Birmingham, Alabama as an inventory specialist from 1968 until 1969; Lee Hardware in Leeds, Alabama as a laborer in 1969; Richard Kelly Chevron in Centerpoint, Alabama as a car washer in 1969; Frisco Railroad Birmingham, Alabama as a electrician apprentice from 1969 to 1974; Bart Starr Lincoln in Lincoln, Alabama as a laborer from 1974 to 1975. He also worked for Bill Thames Ford in Birmingham, Alabama as a laborer from 1974 to 1975; Frisco Service Station in Birmingham, Alabama from 1975 to 1976 as a laborer and at CSX in Birmingham, Alabama as a electrician from 1976 to 1999. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on February 10, 1999.

40.     Plaintiff **FRANCES FORT FITZPATRICK** is a resident of Homewood, Alabama, in Jefferson County, with hr domicile in Jefferson County. Her decedent **WILLIAM FITZPATRICK** was a resident of Homewood, Alabama, in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products,

produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, US Steel in Birmingham, Alabama as a laborer from 1934 until 1982. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Pleural Disease as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, December 7, 2001. This case is brought by Frances Fort Fitzpatrick.

41.     Plaintiff **CHARLES FLOYD** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to CSX Railroad in Birmingham, Alabama from 1970 to 1993 as a switchman. He was also a member of the Marines from 1966 until 1970. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

42.     Plaintiff **JERRY E. FRAZIER** is a resident of Midfield, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to Dixie Bronze in Birmingham, Alabama from 1974 to 1975 as an ironworker; McWane Foundry in Birmingham, Alabama as a trough man in 1978; Norfolk Southern Railroad as a laborer from 1978 to present in Birmingham, Alabama. He was also a member of the Army from 1975 to 1977 with the motor pool. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on March 16, 1998.

43.     Plaintiff **LLOYD D. FUQUA** is a resident of Maplesville, Alabama in Chilton County, with his domicile in Chilton County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Southern Railroad in Birmingham, Alabama as a brakeman from 1957 to 1962; Pikes Peak Ranch in Colorado Springs, Colorado as a manager from 1963 until 1965; Cleveland Service Station in Colorado Springs, Colorado as a laborer from 1965 to 1967; and Norfolk Southern Railroad as a brakeman from 1968 to 1992 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

44.     Plaintiff **WILLIAM STEVEN GANUS** is a resident of Pleasant Grove, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to Nashville Bridge in Birmingham, Alabama as a welder from 1965 until 1966 and Norfolk Southern Railroad as a carman from 1968 to present in Birmingham, Alabama. He was also a member of the Navy from 1966 to 1968. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

45.    Plaintiff **MARY A. GIBBS** is a resident of Cuba, Alabama, in Sumter County, with her domicile in Sumter County. Her decedent **GEORGE A. GIBBS, SR.** was a resident of Cuba, Alabama, in Sumter County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Southern Railroad in Mississippi as a trainman from 1970 to 1986 and Atlas Roofing Co. in Meridian, Mississippi as a laborer from 1986 to 1993. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, March 3, 2000. This case is brought by Mary A. Gibbs.

46.    Plaintiff **WALTER GIBBS, JR.** is a resident of Toomsuba, Mississippi in Lauderdale County, with his domicile in Lauderdale County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a laborer, truck driver and welder from 1970 to present in Alabama, Indiana, Missouri, Tennessee, Georgia, Louisiana and Mississippi. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

47.    Plaintiff **EDDIE C. GIDDENS** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Alabama Toy Distribution in Birmingham, Alabama as a laborer 1959 to 1960; DuPont in Mineral Springs, Alabama as a laborer from 1963 to 1970; and CSX Transportation in Birmingham, Alabama from 1971 until present as a switchman. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

48.    Plaintiff **WILLIAM GLASGOW** is a resident of Decatur, Alabama in Morgan County, with his domicile in Morgan County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to

37

3M in Decatur, Alabama from 1961 to 1996 as an insulator. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on February 15, 1998.

49.    Plaintiff **JEAN HAMBY** is a resident of Rainbow City, Alabama, in Etowah County, with her domicile in Etowah County. Her decedent **JAMES LANIER HAMBY** was a resident of Rainbow City, Alabama, in Etowah County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, TVA Gadsden Steam Plant in Gadsden, Alabama as a brick mason in 1947; John Mansville Factory in Kansas in the early 1950s; Kansas City VA Hospital in Kansas City, Kansas in 1950; Gulf States Steel Mill in Gadsden, Alabama as a laborer from 1947 to 1998; Goodyear Tire & Rubber Co. in Gadsden, Alabama from 1986 to 1998; Republic Steel in Gadsden, Alabama from 1947 to 1998. He was also a member of the Navy from 1944 to 1946 as a seaman. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, January 15, 2003. This case is brought by Jean Hamby.

50.    Plaintiff **KAY HARRELL** is a resident of Grove Hill, Alabama in Clarke County, with her domicile in Clarke County. Her decedent **RICHARD KEITH TAYLOR** was

a resident of Jackson, Alabama in Clarke County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Dayton Light & Power in Dayton, Ohio from 1961 until 1970 as a lineman; Southern Line Construction in Tampa, Florida from 1970 until 1972 as a lineman; Tampa Electric in Tampa, Florida as a lineman in 1973; Kohler Construction in St. Petersburg, Florida as a lineman from 1973 until 1974; Davis Electrical Construction in Greenville, South Carolina as an electrician from 1977 until 1978; Alabama River Pulp in Claiborne, Alabama from 1978 until 1979 as an electrician; Brown & Root, Inc. in Houston, Texas as an electrician from 1979 until 1993, from 1993 to 1995, and 1997 as a foreman; BE&K Construction in Birmingham, Alabama as a foreman in 1993. He also worked for Rust International in Birmingham, Alabama as an electrician from 1995 to 1997; Triad Electric & Construction in Baton Rouge, Louisiana as a foreman in 1996. He also served in the Army from 1959 until 1961. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 5, 1998.  This case is brought by Kay Harrell.

51.     Plaintiff **JAMES H. HEATON** is a resident of Irondale, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Southern Railroad as a carman from 1950 to 1991 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 4, 1998.

52.    Plaintiff **EARVELEE HERALD** is a resident of Jasper, Alabama in Walker County, with his domicile in Walker County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Frisco Railroad in Memphis, Tennessee from 1945 to 1948 and 1952 to 1980 as a welder. He was also a member of the Army from 1948 to 1952. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

53.    Plaintiff **JAMES E. HOBGOOD** is a resident of Picayune, Mississippi in Pearl River County, with his domicile in Pearl River County. His decedent **JAMES L. HOBGOOD** was a resident of Picayune, Mississippi in Pearl River County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Crosby Forest Products as a mechanic in Picayune, Mississippi from 1946 to 1965, and Crosby Stores, Inc. as a mechanic in Picayune, Mississippi from 1966 to 1967 and McGee Ford, Inc. as a mechanic in Picayune, Mississippi from 1967 to 1968 and Rusty Smith, Inc. as a mechanic in Picayune, Mississippi from 1968 to 1968 and Smith Ford, Inc. as a mechanic in Popularville, Mississippi from 1968 to 1968 and KW Embry Gulf Distributors as a mechanic in Sidell, Mississippi from 1968 to 1968 and Frances Nelson Chevrolet as a mechanic in New Orleans, LA from 1968 to 1968 and Paretti Pontiac Co. as a mechanic in New Orleans, LA from 1968 to 1969 and Rusty Smith, Inc. as a mechanic in Picayune, Mississippi from 1969 to 1971 and Bruce Womack Ford as a mechanic in Popularville, Mississippi from 1969 to 1969 and Self-employed as a mechanic in Picayune, Mississippi from 1982 to 1996 and T&M Motor Sales, Inc. as a mechanic in Picayune, Mississippi from 1982 to 1982 and Dub Herring Ford as a mechanic in Picayune, Mississippi from 1982 to 1982 and Bryan Chevrolet as a mechanic in Metaria, LA from 1969 to 1969 and The Merchants Co. as a laborer in Hattiesburg, Mississippi from 1946 to 1946 and Cooks Construction as a laborer in Jackson, Mississippi from 1946 to 1946 and WB Vaughn Auto as a mechanic in Picayune, Mississippi from 1947 to 1948 and Quick and Grice as a laborer in Picayune, Mississippi from 1951 to 1952 and OK Rubber Welders as a welder in Picayune, Mississippi from 1952 to 1953 and Tug Implement Co. as a laborer in Picayune, Mississippi from 1953 to 1953 and Picayune Coca Cola as a laborer in Picayune, Mississippi from 1953 to 1955 and Crosby Chemicals as a laborer in Picayune, Mississippi from 1955 to 1956 and Coast Electric Power as a laborer in Bay St. Louis, Mississippi from 1956 to 1957 and Spiers Auto Clinic as a mechanic in Bay St. Louis, Mississippi from 1957 to 1962 and Picayune Motor Co. as a mechanic in Picayune, Mississippi from 1957 to 1962 and Champion International as a

41

laborer in Stamford, Connecticut from 1960 to 1962 and Rosco Moore Pontiac as a mechanic

in Hattiesburg, Mississippi from 1963 to 1963 and Crowders Auto Repair as a mechanic in

Picayune, Mississippi from 1963 to 1963 and Bryan's Chevrolet as a mechanic in Metairie,

Louisiana from 1963 to 1963 and Pearson Motor Co. as a mechanic in Picayune, Mississippi

from 1963 to 1964 and Wilkes Motor Sales as a mechanic in Picayune, Mississippi from 1964

to 1964 and Lakeside Rambler as a mechanic in Metairie, Louisiana from 1964 to 1965 and

Rusty Smith, Inc. as a mechanic in Picayune, Mississippi from 1971 to 1979 and T & M Motor

Sales as a mechanic in Picayune, Mississippi from 1979 to 1981 and DUB Herring Ford as a

mechanic in Picayune, Mississippi from 1982 to 1982 which contained significant amounts of

asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and

asbestos-containing materials and products, on or about, April 7, 1998.  This case is brought by

James E. Hobgood.

54.    Plaintiff **PEGGY A. HOGAN** is a resident of Boaz, Alabama in Marshall

County, with her domicile in Marshall County. Her decedent **JAMES R. HOGAN** was a

resident of Steele, Alabama in St. Clair County.

Plaintiff's Decedent was continually exposed to asbestos-containing products,

produced, manufactured, specified for use, installed, distributed, sold and/or placed into the

stream of commerce by defendants as specified herein during his employment, and in his

environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following

locations, including but not limited to, US Steel as a  boilermaker in Fairfield, Alabama from

1969 to 1977, and Dupont Plant as a boilermaker in Waverly, Tennessee from 1969 to 1977

and Kimberly Clark as a boilermaker in Childersburg, Alabama from 1969 to 1977 and Selma

Paper Mill as a boilermaker in Selma, Alabama from 1969 to 1977 and Prattville Paper Mill as a boilermaker in Prattville, Alabama from 1969 to 1977 and Brewton Paper Mill as a boilermaker in Brewton, Alabama from 1969 to 1977 and Chemical Plant as a boilermaker in Cooper Hill, TN from 1969 to 1977 and Republic Steel as a boilermaker in Gadsden, Alabama from 1969 to 1977 and Chicago Bridge & Iron as a boilermaker in Birmingham, Alabama from 1971 to 1972 and Chattanooga Boiler as a boilermaker in Chattanooga, Tennessee from 1972 to 1975 and Miller Steam Plant as a boilermaker in West Jefferson, Alabama from 1976 to 1977 and Paper Mill as a boilermaker in Brunswick, Georgia from 1972 to 1972 and Thomas Erectors as a boilermaker in Brewton, Alabama from 1973 to 1975 and Gorgas Steam Plant as a boilermaker in Parrish, Alabama from 1976 to 2001 and Miller Steam Plant as a boilermaker in West Jefferson, Alabama from 1976 to 2001 and Gaston Steam Plant as a boilermaker in Wilsonville, Alabama from 1976 to 2001 and Gadsden Steam Plant as a boilermaker in Gadsden, Alabama from 1976 to 2001 which contained significant amounts of asbestos-containing products and materials. Plaintiff was in the US Navy stationed in Norfolk, Virginia as a machinist from 1965 to 1969.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, April 25, 2001.  This case is brought by Peggy A. Hogan.

55.    Plaintiff **MELBA HOLLAND** is a resident of Muscle Shoals, Alabama, in Colbert County, with her domicile in Colbert County. Her decedent **ELVIN LUSTER HOLLAND** was a resident of Muscle Shoals, Alabama in Colbert County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his

43

environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, his fathers farm as a laborer from 1940 to 1952 in Franklin County, Alabama; Alien Construction as a carpenter from 1952 to 1955 in Michigan; Bridgeport Tool and Die Maker as a laborer from 1955 to 1958 in Bass, Michigan; Ford Motor Company as a Machinist from 1958 to 1982 in Sheffield, Alabama. Plaintiff's Decedent was also in the Army from 1937 to 1940. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Adenocarcinoma of the Kidney as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, April 11, 1998. This case is brought by Melba Holland.

56.    Plaintiff **HILLARD H. HOLLINGSWORTH** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to L&N Railroad as a laborer from 1948 to 1965 in Birmingham, Alabama. Plaintiff also worked at CSX Transportation as a manager of intermodial operations from 1965 to 1985. Plaintiff was in the Army from 1953 to 1955. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

57.    Plaintiff **ISSIAC HOLT** is a resident of Tarrant, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff  was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to CSX Transportation as a switchman from 1970 to 2002 in Birmingham, Alabama and Temco Services, Inc. as a laborer from 1962 to 1970 in Birmingham, Alabama and Stone Paper Mill as a laborer from 1956 to 1957 in Mobile, Alabama and Marathon & Corn Construction as a laborer from 1957 to 1958 in Mobile, Alabama and Dance Studio as a dancer from 1959 to 1960 in Cleveland, Ohio. Plaintiff also worked at Waldoff as a laborer from 1960 to 1961 in New York City, New York. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

58.    Plaintiff **LOUISE HOSTETLER** is a resident of Mauldin, South Carolina in Greenville County, with her domicile in Greenville County. Her decedent **GILBERT HOSTETLER** was a resident of Wakeman, Ohio in Huron County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Plum Brook Ordinance as a plumber and steamfitter from 1941 to 1942 in Sandusky, Ohio; Trojan Power Company as a plumber and steamfitter in 1942 and in 1945 located in Sandusky, Ohio; TO Murphy as a plumber and steamfitter from 1945 to 1995 in Oberlin, Ohio; Oberlin Clinic as a plumber and steamfitter from 1945 to 1995 in Oberlin, Ohio;

B.F. Goodrich as a plumber and steamfitter from 1945 to 1995 in Avon, Ohio; Fisher Titus

Hospital as a plumber and steamfitter from 1945 to 1995 in Norwalk, Ohio; Oberlin College as

a plumber and steamfitter from 1945 to 1995 in Oberlin, Ohio; Oberlin Inn as a plumber and

steamfitter from 1945 to 1995 in Oberlin, Ohio; Central Soya as a plumber and steamfitter from

1945 to 1995 in Bellevue, Ohio; Paul Hale Construction as a laborer from 1945 to 1995 in

Birmingham, Ohio; DL Page, Inc., as a plumber and steamfitter from 1945 to 1995 in Elyria,

Ohio; Elyria Memorial Hospital as a plumber and steamfitter from 1945 to 1995 in Elyria,

Ohio; St. Joseph Hospital as a plumber and steamfitter from 1945 to 1995 in Lorain, Ohio;

Lorain Community Hospital as a plumber and steamfitter from 1945 to 1995 in Lorain, Ohio;

Ford Motor Company as a plumber and steamfitter from 1945 to 1995 in Lorain, Ohio; Wilkes

Plumbing and Heating as a plumber and steamfitter from 1945 to 1995 in Huron, Ohio.  The

Decedent was also in the Navy as a Seaman on the USS YMS346 from 1942 to 1945 in Ohio,

Illinois, and Virginia.  Plaintiff's Decedent was exposed significant amounts of asbestos-

containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and

asbestos-containing materials and products, on or about, January 8, 1999.  This case is brought

by Louise E. Hostetler.

59.     Plaintiff **MILDRED ISBELL** is a resident of Tarrant, Alabama, in Jefferson

County, with her domicile in Jefferson County. Her decedent **QUINTON ISBELL** was a

resident of Tarrant, Alabama in Jefferson County.

Plaintiff's Decedent contracted one or more asbestos-related diseases including

Asbestosis from which he died.  Decedent was continually exposed to asbestos-containing

products, produced, manufactured, specified for use, installed, distributed, sold and/or placed

into the stream of commerce by defendants as specified herein during his employment, and in

his environment until his death.

During the course of his employment, Plaintiff's Decedent worked, including but not limited to, Burlington Northern as a railroad worker from 1947 to 1988 in Birmingham, Alabama.  Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, June 6, 2000. This case is brought by Mildred Isbell.

60.     Plaintiff **BUD A. JACKSON** is a resident of Odenville, Alabama, in Saint Clair County, with his domicile in Saint Clair County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad  as a conductor and laborer from 1973 - 2000 in Birmingham, Alabama; Tuscaloosa, Alabama; Moundsville, Alabama; York, Alabama; Phoenixville, Alabama; Vance, Alabama; Chattanooga, Tennessee; Gadsden, Alabama; Fort Payne, Alabama. Plaintiff also worked at Redstone Arsenal as a missile inspector from 1967 to 1969. Plaintiff was in the Army, stationed at Fort Benning in Georgia and Fort Campbell, Kentucky from 1967 to 1969. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

61.     Plaintiff **ADDIE B. JAMES** is a resident of Bellwood, Illinois, in Cook County, with her domicile in Cook County. Her decedent **BOBBY L. JACKSON** was a resident of

York, Alabama in Sumter County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Norfolk Southern Railroad as a laborer in Birmingham, Alabama from 1945 to 1989. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, February 19, 2004.  This case is brought by Addie B. James.

62.    Plaintiff **CHARLES L. JOHNSON** is a resident of Selma, Alabama, in Dallas County, with his domicile in Dallas County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a conductor from 1977 to present in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

63.    Plaintiff **MARY STUART JONES** is a resident of Bessemer, Alabama, in Jefferson County, with her domicile in Jefferson County. Her decedent **JACK JONES** was a

resident of Bessemer, Alabama, in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, US Steel in Fairfield, Alabama from 1949 until 1950 as a laborer; Service Station in Bessemer, Alabama as a mechanic from 1974 to 1982; and at Long Lewis in Alabama from 1982 to 1983 as a mechanic. Plaintiff was also a member of the Army in the motor pool from 1950 to 1974. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, March 23, 1998. This case is brought by Mary Stuart Jones.

64.    Plaintiff **RALPH JONES** is a resident of Calera, Alabama, in Shelby County, with his domicile in Shelby County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad as a switchman from 1959 to 1997 in Birmingham, Alabama. Plaintiff was also a member of the US Navy from 1953 to 1957. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

49

65.    Plaintiff **LESTER N. JORDAN** is a resident of Helena, Alabama, in Shelby County, with his domicile in Shelby County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Gerney Junction in Alabama as a laborer from 1933 to 1958 and at L&N Railroad as a laborer in Birmingham, Alabama from 1958-1974. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

66.    Plaintiff **TRENT KELLER** is a resident of Layton, Utah, in Davis County, with his domicile in Davis County. His decedent **SHERAN K. KELLER** was a resident of Layton, Utah, in Davis County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during her employment, and in her environment until her death.

During the course of her employment, Plaintiff's Decedent worked at the following locations, including but not limited to, AT&T in Omaha, Nebraska from 1961 until 1963 as a secretary; Francis I Dupont in Storm Lake, Iowa as a laborer from 1963 to 1966; JC Penny in Alaska in 1967 as a clerk; Hill AFB in Ogden, Utah from 1979 until 1992 as a laborer, production scheduler and maintenance. Plaintiff's Decedent also worked at L&L, Inc. in Forest Service, Utah from 1993 to 1995 as a laborer; Walmart in Layton, Utah as a sales clerk in 1997 and at the IRS in Ogden, Utah as a clerk in 1997. Plaintiff's Decedent was exposed significant

amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, February 9, 1998. This case is brought by Trent Keller.

67.     Plaintiff **BARBARA J. KIMBROUGH** is a resident of Tuscumbia, Alabama, in Colbert County, with her domicile in Colbert County. Her decedent **KENNETH W. KIMBROUGH** was a resident of Tuscumbia, Alabama, in Colbert County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Anchor-Hocking Glass in Winchester, Indiana from 1953 to 1968 as a laborer; Robbins Floor Product in Tuscumbia, Alabama from 1969 until 1970 as laborer; Babco in Tuscumbia, Alabama from 1972 until 1980 as a roofer. Plaintiff's Decedent was a self-employed painter from 1972 until 1980 in Tuscumbia, Alabama and he worked for Dixie Oil of Alabama in Meridian, Mississippi from 1982 until 2000 as a cashier. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, January 23, 2004. This case is brought by Barbara J. Kimbrough.

68.     Plaintiff **ROY F. KING** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County. Her decedent, **JOHN W. BARTON** was a

resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to: U.S. Steel as a Boiler room worker in Birmingham, Alabama from 1953 to 1992. Plaintiff was also in the United States Army as a laborer in Alabama, Georgia, South Carolina, Arkansas, and Germany from 1951 to 1952. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a consequence of exposure to asbestos and asbestos-containing materials and products, on or about, March 24, 1999. This case is brought by Roy F. King.

69.    Plaintiff **PAMELA KING** is a resident of Victorville, California, in San Bernardino County, with her domicile in San Bernardino County. Her decedent **ALICE MADSEN** was a resident of Hesperia, California in San Bernardino County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during her employment, and in her environment until her death.

During the course of her employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Department Store in Omaha, Nebraska in the 1940s as a laborer; Gas Station Owner in Sun City, California as a clerk from 1946 until 1965; Bear Assembly Plant in Riverside, California in the 1970s as a laborer; The Press Enterprise in

Riverside, California as a clerk from 1980until 1991; and at Bourn's in Riverside, California as a solderer from 1970 to the 1980s. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Mesothelioma as a result of exposure to asbestos and asbestos-containing materials and products, on or about, July 3, 1998. This case is brought by Pamela King.

70.    Plaintiff **DEBORAH KIRK** is a resident of Iuka, Mississippi, in Tishomingo County, with her domicile in Tishomingo County. Her decedent **JAMES LEE KIRK** was a resident of Iuka, Mississippi, in Tishomingo County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, White Survey in Florence, Alabama as a laborer from 1975 until 1977; Canalco in Iuka, Mississippi from 1977 until 1980 as a laborer; TVA in Corinth, Mississippi as an electrician's helper from 1980 until 1985; and at Kirk's Auto Garage in Iuka, Mississippi from 1968 until 1998 as a mechanic. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Mesothelioma as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 5, 1998. This case is brought by Deborah Kirk.

71.    Plaintiff **RICHARD LARDE, JR.** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Hayes Aircraft in Birmingham, Alabama as a mechanic from 1968 until 1969; Carraway Hospital in Birmingham, Alabama from 1968 until 1972 as a laborer and at Norfolk Southern Railroad as a carman from 1972 until 1995 in Birmingham, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

72.     Plaintiff **BETTY SUE LINDSEY** is a resident of Highland Home, Alabama in Crenshaw County, with her domicile in Crenshaw County. Her decedent **ERNEST J. LINDSEY** was a resident of Highland Home, Alabama in Crenshaw County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, CSX Transportation in Alabama, Georgia and Florida as a brakeman and conductor from 1940 until 1996. He was also a member of the Army and served in Texas, Manila, Japan from 1944 until 1946. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, March 2, 2002.  This case is brought by Betty Sue Lindsey.

73.    Plaintiff **WILLIAM M. LOGAN** is a resident of Oneonta, Alabama, in Blount County, with his domicile in Blount County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Self Employed auto body repair man in Oneonta, Alabama from 1970 until 1973, Southeast Contractor in Birmingham, Alabama from 1973 until 1976 as a laborer and at Norfolk Southern Railroad from 1976 until present located in Irondale, Alabama. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

74.    Plaintiff **JERRY O. LOGGINS** is a resident of Warrior, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Merrill Stevens Ship in Jacksonville, Florida as a laborer from 1957 until 1958; General Steel Tank in Birmingham, Alabama from 1958 until 1972 as a pipefitter and welder; Norfolk Southern Railroad in Birmingham, Alabama from 1972 until 1999 as a switchman. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

75.    Plaintiff **JOHN E. LONG** is a resident of Tuscaloosa, Alabama, in Tuscaloosa County, with his domicile in Tuscaloosa County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad in Alabama, Mississippi, Tennessee, Ohio and Illinois as a laborer from 1972 until 2000. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

76.    Plaintiff **ED LYNN** is a resident of Pensacola, Florida in Escambia County, with his domicile in Escambia County. His decedent **CHARLES E. LYNN, SR.** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Norfolk Southern Railroad in Irondale, Alabama from 1940 until 1977 as an engineer. He was also a member of the Air Force from 1939 until 1941 as an Air Guard. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, August 5, 2003.  This case is brought by Ed Lynn.

77.    Plaintiff **BILLY R. MANNING** is a resident of Bremen, Alabama, in Cullman

County, with his domicile in Cullman County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Hwy 31 Truck stop in Morris, Alabama from 1963 until 1964 as a mechanic; National Woodwork in Birmingham, Alabama from 1964 until 1965 as a laborer; Chrysler Auto Parts in Birmingham, Alabama from 1965 until 1966 as a mechanic; Star Service Station in Birmingham, Alabama from 1966 until 1967 as a mechanic; D.W. Body Shop in Warrior, Alabama in 1967 as a mechanic; and at Norfolk Southern Railroad in Birmingham, Alabama from 1970 until 1986 as a repairman and locomotive foreman. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

78.    Plaintiff **RODNEY O. MAY** is a resident of Bay Minnette, Alabama, in Baldwin County, with his domicile in Baldwin County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to CSX Transportation in Alabama, Mississippi and Louisiana as a bridge carpenter from 1969 until present. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

79.    Plaintiff **FRED C. MCDONNELL** is a resident of Salt Lake City, Utah in Salt

Lake County, with his domicile in Salt Lake County. His decedent **FRED O. MCDONNELL** was a resident of Kearns, Utah in Salt Lake County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Kennecott Copper Plant in Magna, Utah from 1940 until 1980 as a boilermaker. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer a as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 11, 1999.  This case is brought by Fred C. McDonnell.

80.    Plaintiff **GEORGE W. MCLANE** is a resident of Shelby, Alabama, in Shelby County, with his domicile in Shelby County.

 Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad in Birmingham, Alabama from 1957 until 1991 as a switchman. Plaintiff was also a member of the U.S. Navy from 1955 until 1956 as a laborer. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

81.    Plaintiff **WALTON C. MILLER** is a resident of Hayden, Alabama, in Blount

County, with his domicile in Blount County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Hayes Aircraft in Birmingham, Alabama from 1952 until 1960 as a laborer; Joslyn Manufacturing in Birmingham, Alabama from 1961 until 1963 as a laborer; Norfolk Southern Railroad in Birmingham, Alabama from 1963 until 1996 as a switchman. He was also a member of the Army from 1948 until 1952 as a clerk. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

82.    Plaintiff **WILBERT MILLER, JR.** is a resident of Dolomite, Alabama in Jefferson County, with his domicile in Jefferson County. His decedent **WILBERT MILLER, SR.** was a resident of Dolomite, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, CSX Transportation in Birmingham, Alabama from 1945 until 1960 as an oiler and at Social Security Administration in Birmingham, Alabama from 1960 until 1983 as a laborer. He was also a member of the Army from 1943 until 1944 as a laborer. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis a as a result of exposure to asbestos and asbestos-containing materials and products, on or about, June 6, 2004. This case is brought by Wilbert Miller, Jr.

83.    Plaintiff **RICHARD L. MITCHELL** is a resident of Cropwell, Alabama, in St. Clair County, with his domicile in St. Clair County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad in Birmingham, Alabama from 1969 until 1995 as a trainman and conductor. He was also a member of the Army from 1959 until 1968 as a laborer. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

84.    Plaintiff **PATRICIA MOORE** is a resident of Muscle Shoals, Alabama in Colbert County, with her domicile in Colbert County. Her decedent **ELLEN MOSS** was a resident of Muscle Shoals, Alabama in Colbert County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during her employment, and in her environment until her death.

During the course of her employment, Plaintiff's Decedent worked at the following locations, including but not limited to, ECM Hospital in Muscle Shoals, Alabama from 1970s until 1988 as a nurse aide; Florence Hospital in Florence, Alabama from 170s to 1988 as a nurse aide; Mitchell Nursing Hospital from 1970s until 1988 as a nurses aide; TVA Chemical

Plaint in Alabama from 1986 to 1994 as a laborer; and Champion Paper Mill in Courtland, Alabama from 1985 to 2000. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Mesothelioma as a result of exposure to asbestos and asbestos-containing materials and products, on or about, July 28, 2000. This case is brought by Patricia Moore.

85.     Plaintiff **ALICE MORGAN** is a resident of Odenville, Alabama in St. Clair County, with his domicile in St. Clair County. His decedent **MARDIS MORGAN** was a resident of Odenville, Alabama in St. Clair County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Schuler Industries in Pinson, Alabama from 1964 until 1998 as a steel fitter. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis a as a result of exposure to asbestos and asbestos-containing materials and products, on or about, April 9, 1999. This case is brought by Mardis Morgan.

86.     Plaintiff **AARON C. MORRIS** is a resident of Moody, Alabama, in St. Clair County, with his domicile in St. Clair County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to Birmingham Slag in Birmingham, Alabama from 1955 until 1958 as a crane operator and at Norfolk Southern Railroad in Birmingham, Alabama from 1958 until 1992 as a switchman and conductor. He was also a member of the National Guard from 1950 until 1955 as a laborer. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

87.     Plaintiff **MILES G. NELSON** is a resident of Cullman, Alabama, in Cullman County, with his domicile in Cullman County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to Norfolk Southern Railroad in Birmingham, Alabama from 1960 until 1991 as a switchman and trainman. He was also a member of the Army from 1957 until 1959 as a laborer. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

88.     Plaintiff **WILLIAM SCOTT NIX** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County. His decedent **BILLY F. NIX** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his

environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Goody Cement Mix in Birmingham, Alabama as a laborer from 1951 to 1952 as a laborer and CSX Transportation in Birmingham, Alabama from 1956 until 1994 as a switchman and brakeman. He was also a member of the Army from 1953 until 1955 as a paratrooper. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, September 17, 2004. This case is brought by William Scott Nix.

89.    Plaintiff **SANFORD R. POSEY** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to L&N Railroad in Birmingham, Alabama as a clerk from 1950 until 1989. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

90.    Plaintiff **FRANCES POTTER** is a resident of Sandy, Utah in Salt Lake County, with his domicile in Salt Lake County. Her decedent **DELBERT POTTER** was a resident of Sandy, Utah in Salt Lake County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the

stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Garfield Smelter-Ken in Garfield, Utah from 1955 to 1959 as a laborer; Utah Power and Light in Salt Lake City, Utah from 1961-1991 as a mechanic; Gadsby Power House in Salt Lake City, Utah from 1961 until 1991 as a mechanic; LDS Powerhouse in Salt Lake City, Utah as a mechanic from 1961 until 1991; Huntington Powerhouse in Salt Lake City, Utah from 1961 until 1991 as a mechanic; and at Kimmer Powerhouse in Kimmer Wyoming from 1961 until 1991 as a mechanic. He was also a member of the Navy in Clearfield, Utah from 1951 until 1954 as a heavy equipment operator. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, September 19, 2001. This case is brought by Frances Potter.

91.    Plaintiff **JAMES H. REA** is a resident of Wetumpka, Alabama, in Elmore County, with his domicile in Elmore County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Montgomery City Fire Department in Montgomery, Alabama from 1959 until 1969 as a fireman and CSX Transportation in Birmingham, Alabama as a laborer from 1969 until 2000. Plaintiff was also a member of the Navy from 1955 until 1958 as a seaman. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

64

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Pleural Disease, an asbestos related disease on April 26, 2002.

92.    Plaintiff **MARY REDWINE** is a resident of Morris, Alabama in Jefferson County, with his domicile in Jefferson County. Her decedent **NATHAN REDWINE** was a resident of Morris, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Birmingham Steel in Birmingham, Alabama from 1938 until 1995 as a foreman and machinist. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 29, 1998.  This case is brought by Mary Redwine.

93.    Plaintiff **ALLEN REMBERT** is a resident of Birmingham, Alabama, in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Hayes Aircraft in Birmingham, Alabama from 1968 until 1969 as a mechanic; Lockheed Aircraft in Marietta, Georgia from 1969 until 1970 as a mechanic; and at Norfolk Southern Railroad in Birmingham, Alabama from 1970 until 1990 as a carman. He was also a member of the U.S. Air

Force from 1965 until 1968 as a mechanic. Plaintiff was exposed to asbestos containing products

at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed

with Asbestosis, an asbestos related disease on May 27, 1998.

94.    Plaintiff **RONALD J. REYNOLDS** is a resident of Gulf Breeze, Florida in

Santa Rosa County, with his domicile in Santa Rosa County.

Plaintiff was continually exposed to asbestos-containing products that were produced,

manufactured, specified for use, installed, distributed, sold and/or placed into the stream of

commerce by defendants as specified herein during his employment, including but not limited to,

L&N Railroad in Kentucky, Tennessee and Alabama from 1955 until 1992 as a trainmaster.

Plaintiff was exposed to asbestos containing products at the above jobsites and from his

environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed

with Asbestosis, an asbestos related disease on May 27, 1998.

95.    Plaintiff **JO RODGERS** is a resident of Birmingham, Alabama in Jefferson

County, with his domicile in Jefferson County. Her decedent **JACK L. RODGERS** was a

resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products,

produced, manufactured, specified for use, installed, distributed, sold and/or placed into the

stream of commerce by defendants as specified herein during his employment, and in his

environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following

locations, including but not limited to, Service Station in Birmingham, Alabama from 1956

until 1957 as an attendant; Hotpoint Corporation in Birmingham, Alabama from, 1958 until

1959 as a laborer; and at Alabama Power Co. in Birmingham, Alabama from 1959 until 1997 as a mail clerk. He was also a member of the Army National Guard in Alabama from 1957 until 1963 as a mechanic. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, June 3, 2000.  This case is brought by Jo Rodgers.

96.     Plaintiff **DONALD A. SALTER** is a resident of Evergreen, Alabama in Conecuh County, with his domicile in Conecuh County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, CSX Transportation in Montgomery, Alabama from 1972 to present as a switchman. He was also a member of the National Guard in Alabama from 1966 until 1972 as military police. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

97.     Plaintiff **GERALD SARTAIN** is a resident of Pell City, Alabama in St. Clair County, with his domicile in St. Clair County. His decedent **LESTER V. SARTAIN** was a resident of Wilsonville, Alabama in Shelby County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Alabama Power Co. in Birmingham, Alabama from 1942 until 1951 as an electrician and at Hayes Aircraft in Birmingham, Alabama from 1951 until 1980 as an electrician. He was also a member of the Navy located in Texas and California from 1936 until 1940 as an electrician. Plaintiff's Decedent was exposed to significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, January 26, 1998. This case is brought by Gerald Sartain.

98.    Plaintiff **HILDA SHARP** is a resident of Florence, Alabama in Lauderdale County, with her domicile in Lauderdale County. Her decedent **CLARENCE SHARP** was a resident of Florence, Alabama in Lauderdale County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Orange Co. Body Shop in Osage City, Kansas from 1967 until 1972 as a mechanic; owner of Sharp's Mobile Services in Topeka, Kansas from 1972 until 1975; Skelly Plaza in Topeka, Kansas as a mechanic from 1975 until 1978; and at North Florence Auto Parts in Florence, Alabama from 1978 until 1983 as a mechanic. He also worked as a mechanic for the Army from 1945 until 1947 and the Air Force from 1947 until 1967. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, February 24, 1998. This case is brought by Hilda Sharp.

99.    Plaintiff **JAMES D. SHEPPEARD** is a resident of Pleasant Grove, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Bama Foods in Birmingham, Alabama from 1943 until 1945 as a laborer; Burlington Northern Railroad in Birmingham, Alabama and Memphis, Tennessee from 1945 until 1984 as a trainman; and L&N Railroad in Birmingham, Alabama from 1945 until 1984 as a trainman. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

100.    Plaintiff **LEWIS H. SKINNER, SR.**  is a resident of Tuscaloosa, Alabama in Tuscaloosa County, with his domicile in Tuscaloosa County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Norfolk Southern Railroad in Birmingham, Alabama from 1950 until 1986 as a station agent. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

69

101.    Plaintiff **NELLIE SMILEY** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County. His decedent **WILLIE JAMES SMILEY** was a resident of Birmingham, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Swift Chemical in Birmingham, Alabama from 1949 until 1978 as a foreman and for the City of Birmingham in Birmingham, Alabama from 1978 until 1998 as a laborer. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Stomach Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 28, 1999.  This case is brought by Nellie Smiley.

102.    Plaintiff **GEORGE E. SMITH** is a resident of Lineville, Alabama in Clay County, with his domicile in Clay County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Norfolk Southern Railroad in Birmingham, Alabama from 1967 until 1998 as a trainman. He was also a member of the Air Force from 1955 until 1959 as a laborer.  Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

103.    Plaintiff **MILDRED J. SMITH** is a resident of Fayetteville, Tennessee in Lincoln County, with her domicile in Lincoln County. Her decedent **GEORGE C. SMITH** was a resident of Fayetteville, Tennessee in Lincoln County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to US Rubber in South Carolina in 1944 as a machinist; Springs Cotton Mills in Ft. Mill, South Carolina as a machinist in 1944 and 1949; Pineville Cotton Mill in Pineville, South Carolina as a machinist from 1945 to 1946 and 1949 to 1950; Hess Oil Company in Key Point, New Jersey from 1952 until 1954 as a welder; Weln-Davit in Charlotte, North Carolina as a welder from 1954 until 1955; and General Electric in Trenton, New Jersey as a welder 1955 to 1980. He was also a member of the Air Force from 1946 until 1949. He was stationed in New Jersey, New York, North Carolina, South Carolina and Georgia. He also attended a welding school in Charlotte, North Carolina from 1950 until 1952. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, April 15, 2002.  This case is brought by Mildred J. Smith.

104.    Plaintiff **LENA ANN M. SNIDER** is a resident of Adamsville, Alabama in

71

Jefferson County, with her domicile in Jefferson County. Her decedent **CHARLES SNIDER** was a resident of Adamsville, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Woodward Iron in Birmingham, Alabama in 1962 as an electrician; Gorgas Steam Plant in Parrish, Alabama in 1962 as an electrician; Hospital in Cullman, Alabama in 1963 as an electrician; Jones Valley School, Phillips High School and Charles A. Brown School in Birmingham, Alabama as a painter from 1965 until 1990; and at US Steel in Birmingham, Alabama from 1965 until 1990 as a painter. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, March 17, 1998. This case is brought by Lena Ann M. Snider.

105.    Plaintiff **CHESTER SPRALLING** is a resident of Chattanooga, Tennessee in Hamilton County, with his domicile in Hamilton County.

 Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, R.P. Scott Construction in Chattanooga, Tennessee from 1965 until 1968 as a laborer and Norfolk Southern Railroad in Chattanooga, Tennessee from 1968 until 2000 as a trackman.

Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

106.    Plaintiff **CLARA STATON** is a resident of Eight Mile, Alabama in Mobile County, with her domicile in Mobile County. Her decedent **ELMER STATON** was a resident of Eight Mile, Alabama in Mobile County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, U.S. Navy from 1960 until 1988 as a boiler technician. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, April 10, 1998. This case is brought by Clara Staton.

107.    Plaintiff **JOHNNY J. SWAIN, JR.** is a resident of Birmingham, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Norfolk Southern Railroad in Irondale, Alabama from 1966 to 2003 as a locomotive engineer.

73

Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

108.    Plaintiff **CHARLES R. THORN** is a resident of Prattville, Alabama in Autauga County, with his domicile in Autauga County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, USS Mitchell in Port Wynemie, California as a laborer from 1961 to 1965 and at ICG Railroad in Montgomery, Alabama as a switchman from 1967 until 1986. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

109.    Plaintiff **WANDA G. TIPTON** is a resident of Gurley, Alabama in Madison County, with her domicile in Madison County. Her decedent **BEN TIPTON** was a resident of Gurley, Alabama in Madison County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, NASA in Huntsville, Alabama as a laborer from 1959 until 1998; M&S Machine Shop in Huntsville, Alabama as a laborer from 1959 until 1998 and

at Hayes Aircraft in Birmingham, Alabama from 1975 until 1995 as a laborer. He also served in the Air Force from 1953 until 1959 as an airman. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Lung Cancer as a result of exposure to asbestos and asbestos-containing materials and products, on or about, May 17, 1999. This case is brought by Wanda G. Tipton.

110.    Plaintiff **SANDRA WASHINGTON** is a resident of Livingston, Alabama in Marengo County, with her domicile in Marengo County. Her decedent **JOSEPH ROLLING** was a resident of Demopolis, Alabama in Marengo County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, CSX Transportation in Birmingham, Alabama from 1943 until 1976 as a machinist and at Norfolk Southern Railroad in Birmingham, Alabama from 1976 until 1989 as a laborer. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, November 27, 2000. This case is brought by Sandra Washington.

111.    Plaintiff **JAMES T. WEATHERS** is a resident of Nashville, Tennessee in Davidson County, with his domicile in Davidson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, CSX Transportation in Birmingham, Alabama from 1960 to present as a conductor. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

112.    Plaintiff **ROBERT M. WEEMS** is a resident of Leeds, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Winn Dixie in Leeds, Alabama as assistant manager from 1966 to 1969 and Norfolk Southern Railroad in Birmingham, Alabama as a car inspector from 1969 until 2000. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 27, 1998.

113.    Plaintiff **DONALD R. WHITE** is a resident of Repton, Alabama in Conecuh County, with his domicile in Conecuh County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, CSX Transportation in Alabama from 1973 until 2001 as a crane operator. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Asbestosis, an asbestos related disease on May 5, 1998.

114.    Plaintiff **CHARLES A. WICKS** is a resident of Hueytown, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, AL Carpet Service in Birmingham, Alabama from 1962 until 1968 as a laborer; Daniels International in Rumford, Maine as a pipefitter from 1969 until 1973; R.Z. Zeigler in Bessemer, Alabama as an attendant from 1974 until 1979; Allied Chemical Products in Birmingham, Alabama as a laborer from 1978 to 1989; and at A.P. Green in Birmingham, Alabama from 1989 until 1992 as a laborer. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed with Pleural Disease, an asbestos related disease on February 13, 1999.

115.    Plaintiff **JAMES H. WILLIAMS** is a resident of Forestdale, Alabama in Jefferson County, with his domicile in Jefferson County.

Plaintiff was continually exposed to asbestos-containing products that were produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, including but not limited to, Norfolk Southern Railroad in Birmingham, Alabama from 1972 until 1993 as a switchman, hostler and brakeman. He was also a member of the Marines from 1966 until 1968. Plaintiff was exposed to asbestos containing products at the above jobsites and from his environment.

As a result of his exposure to asbestos materials and products, Plaintiff was diagnosed

with Asbestosis, an asbestos related disease on May 27, 1998.

116.    Plaintiff **DOROTHY WILLIAMSON** is a resident of Birmingham, Alabama in Jefferson County, with her domicile in Jefferson County. Her decedent **JOHN L. PATTERSON** was a resident of Bessemer, Alabama in Jefferson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following locations, including but not limited to, Acipco in Birmingham, Alabama from 1958 until 1962 as a laborer and at Norfolk Southern Railroad in Birmingham, Alabama from 1964 until 1997 as a clerk. He was also a member of the Army from 1955 until 1957 in the infantry. Plaintiff's Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Asbestosis as a result of exposure to asbestos and asbestos-containing materials and products, on or about, November 14, 2005.  This case is brought by Dorothy Williamson.

117.    Plaintiff **LINDA WRIGHT** is a resident of Ocean Springs, Mississippi in Jackson County, with her domicile in Jackson County. Her decedent **BILLY J. WRIGHT** was a resident of Ocean Springs, Mississippi in Jackson County.

Plaintiff's Decedent was continually exposed to asbestos-containing products, produced, manufactured, specified for use, installed, distributed, sold and/or placed into the stream of commerce by defendants as specified herein during his employment, and in his environment until his death.

During the course of his employment, Plaintiff's Decedent worked at the following

locations, including but not limited to, ADDSCO in Mobile, Alabama from 1963 until 1967 as

a painter and CSX Railroad in Mobile, Alabama as a foreman from 1969 until 2000. Plaintiff's

Decedent was exposed significant amounts of asbestos-containing products and materials.

Plaintiff's Decedent died of Colon Cancer as a result of exposure to asbestos and

asbestos-containing materials and products, on or about, February 19, 2001.  This case is brought

by Linda Wright.

## BACKGROUND FACTS – THE DEFENDANTS

118.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the

averments and allegations set forth in the preceding paragraphs of this complaint as if fully set

forth herein.

119.    The term "Producer Defendant" refers to each one of those defendants which

produced and/or manufactures asbestos-containing products and/or materials and placed the

asbestos containing products and/or materials into the stream of commerce.

120.    The following defendants are "Producer Defendants."  (The asbestos-containing

products produced by each defendant that have been identified at Plaintiffs' workplaces, during

their employment years there, including but not limited to those set out herein below.)

(a)     A. W. Chesterton Company is a Massachusetts corporation whose

principal place of business is 225 Fallon Road Stoneham, MA 02180.

-     Asbestos containing products, including but not
limited to Asbestos Cloth, Gaskets Packing

(b)     Albany International Corporation is a New York corporation

whose principal place of business is 1373 Broadway Albany, NY 12204

and may be served through their registered agent at The Corporation Trust

Company, Corporation Trust Center 1209 Orange Street Wilmington, DE

19801.

- Asbestos containing products, including but not
  limited to Paper Machine Clothing

(c)    American Standard Incorporated is a Delaware corporation whose

principal place of business is One Centennial Avenue, P. O. Box 6820

Piscataway, NJ 08855-6820 and may be served through their registered

agent at The Corporation Trust Company, Corporation Trust Center 1209

Orange Street Wilmington, DE 19801,

- Asbestos containing products, including but not
  limited to the following: Air Conditioning Systems,
  Plumbing Products, Automotive Breaking Systems

(d)    AstenJohnson, Inc. is a Delaware corporation whose principal

place of business is 1013 Centre Road, Wilmington, Delaware 19805 and

may be served through their registered agent at Corporation Service

Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware

19808:

- Asbestos containing products, including but  not
  limited to: Asbestos Felt, Bestmesh Felt, Calcot
  Felt Syncot Felt, Synbest Felt, Thermesh Felt,
  Ventmesh Felt

(e)    Brandon Drying Fabrics, Inc. is a Delaware corporation whose

principal place of business is 75 Beattie Place, Two Insignia Financial

Plaza, Greenville, SC 29601 and may be served through its registered

agent at Corporation Service Company, 2711 Centerville Road, Suite 400,

Wilmington, Delaware 19808.

- Asbestos containing products, including but not
  limited to Dryer Felts

80

(f)     Brasa, Inc. is a corporation whose principal place of business is located at and may be served at the office of Paul J. Carter, Jordan Street, Greenwood, South Carolina 29648.

-       Asbestos containing products, including but not
        limited to Dryer Felts

(g)     CBS Corporation is a Delaware corporation whose principal place of business is C/O Adrienne Harrington 51 West 52nd Street New York, NY 10019 and may be served through its registered agent at The Company Corporation, 2711 Centerville Road Suite 400 Wilmington, DE 19808.

-       Asbestos containing products, including but not
        limited to: Cable, Gaskets, Packing, Panels, Paper
        Turbines, Wire

(h)     Cleaver-Brooks Company, a division of Aqua Chem is a Wisconsin corporation whose principal place of business is 11950 West Lake Park Drive Milwaukee, WI 53222 and may be served through their registered agent at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801

-       Asbestos containing products, including but not
        limited to Boilers

(i)     Cooper Industries Incorporated, individually and as successor-in-interest to Crouse-Hinds is an Ohio corporation whose principal place of business is 600 Travis Suite 5800 Houston, TX 77002 and may be served through its registered agent at The Corporation Trust Company, Corporation Trust Center 1209 Orange Street Wilmington, DE 19801

-       Asbestos containing products, including but not
        limited to Electrical Products, Chico X, Chico Belden
        Wire and Cable, Crouse-Hinds Electrical Products, Chico

       Packing, Arrow-Hart Electrical Products, Bussman
Electrical Products, Cooper Lighting Products, McGraw-
Edison Electrical Products

    (j)    Crown, Cork & Seal Company Incorporated is a Pennsylvania

corporation whose principal place of business is One Crown Way

Philadelphia, PA 19154-4599 and may be served through its registered

agent at Wilmington Trust SP Services 103 Springer Building 3411

Silverside Road Wilmington, DE 19810.

      -    Asbestos containing products, including but
not limited to Mundet Block Insulation, Mundet
Insulating Cement, Mundet Pipe Covering

    (k)    Exxon Mobil Oil Corporation is a New York corporation whose

principal place of business is 5959 Law Colinas Boulevard, Irving, Texas

75039.

      -    Asbestos containing products, including but not
limited to Caulking Compounds

    (l)    Garlock Incorporated is an Ohio corporation whose principal place

of business is C/O Goodrich Corporation 2730 West Tykvola Road Charlotte, NC 28217

and may be served through its registered agent at The Corporation Trust Company,

Corporation Trust Center 1209 Orange Street Wilmington, DE 19801.

      -    Asbestos containing products, including but not
limited to Asbestos Cloth, Gaskets, Packing, Ring
Packing, Rope Packing, Sheet Packing, Sheet Gaskets
Valve Packing

    (m)    General Electric Company is a New York corporation whose

principal place of business is 3135 Easton Turnpike Fairfield, CT 06431

and may be served through their registered agent at The Corporation Trust

Company, Corporation Trust Center 1209 Orange Street Wilmington, DE

19801:

-    Asbestos containing products, including but not
     limited, Cable, Furnaces, Turbines, Wire, Welding
     Electrodes, Welding Machines

(n)    Georgia Pacific Corporation is a Georgia corporation whose

principal place of business is 133 Peachtree Street NE Atlanta, GA 30303-

1808 and may be served through their registered agent at The Corporation

Trust Company, Corporation Trust Center 1209 Orange Street

Wilmington, DE 19801:

-    Asbestos Containing Products including, but not
     limited to Acoustical Plaster, All Purpose Joint
     Compound, Bedding Compound, Dry Mixed Joint
     Compound, Drywall Adhesive, Joint Compounds,
     Kalite, Lite Acoustical Plaster, Patching Plaster, Ready
     Mix Joint Compound, Roof Coating. Spackling Compound,
     Speed Set Joint Compound, Texture, Topping Compound,
     Triple Duty Joint Compound

(o)    IMO Industries Incorporated is a Delaware corporation whose

principal place of business is 242 Princeton Avenue Suite 111 Hamilton

Township, NJ 08619 and may be served through its registered agent at

Corporation Service Company 2711 Centerville Road Suite 400

Wilmington, DE 19808:

-    Asbestos Containing Products including, but not
     limited to Pumps, Turbines, Compressors

(p)    Industrial Holdings Corporation is a New York Corporation whose

principal place of business is 745 7th Avenue New York, NY 10119:

-    Asbestos Containing Products including, but not
     limited to Grinding Wheels

(q)    Ingersoll-Rand Company is a New Jersey corporation whose

principal place of business is 155 Chestnut Ridge Road Montvale, NJ

07645 and may be served through its registered agent at the Corporation

Trust Company, Corporation Trust Center 1209 Orange Street

Wilmington, DE 19801:

- Asbestos Containing Products including, but not
  limited to Compressors, Condensers, Ejectors, Vacuum
  Pumps

(r)    Mt. Vernon Dryer Felt Company, a division of Mt. Vernon Mills,

is a Maryland corporation whose principal place of business is P.O. Box    3478,

Greenville, South Carolina 29602:

- Asbestos Containing Products including, but not
  limited to Dryer Felts

(s)    Mt. Vernon Mills, Inc. is a Maryland corporation whose

principal place of business is P.O. Box 3478, Greenville, South Carolina, 29602:

- Asbestos Containing Products including, but not
  limited to Dryer Felts

(t)    Owens-Illinois Incorporated is a Delaware corporation whose

principal place of business is One Seagate Tax-5 Toledo, OH 43666 and

may be served through their registered agent at The Corporation Trust

Company, Corporation Trust Center 1209 Orange Street Wilmington, DE

19801:

- Asbestos Containing Products including, but not
  limited to Kaylo Block Insulation, Kaylo Pipe Covering

(u)    Rapid America Corporation, Rapid American Corporation is the

successor-in-interest to the liability of the Philip Carey  Corporation as the result of

an express assumption of all liabilities and merger with the Glen Allen

84

Corporation, the predecessor-in-interest to Rapid American Corporation, Prior to

its merger with Rapid American Corporation, the Glen Allen Corporation, in 1867

merged with and expressly assumed the liability of the Philip Carey Manufacturing

Company is a Delaware corporation whose principal place of business is 888

Seventh Avenue, New York, New York 10106:

- Asbestos Containing Products including, but not
  limited to Cements, Pipe Covering

(v)    Riley Power, f/k/a Riley Stoker Corporation is a Massachusetts

corporation whose principal place of business is 5 Neponset Street

Worchester, MA 01606 and may be served through its registered agent at

Corporation Service Company, 2711 Centerville Road Suite 400

Wilmington, DE 19808:

- Asbestos Containing Products including, but not
  limited to, Boilers, Steam Generators, Desuperheaters,
  Waste Heat Boilers

(w)    Scapa Fabrics Incorporated is a North Carolina corporation whose

principal place of business is 111 Great Pond Drive Windsor, CT 06095:

- Asbestos Containing Products including, but not
  limited to Dryer Felts

(x)    Scapa Group, Inc. is a Delaware corporation whose principal place of

business is 111 Great Pond Drive, Windsor, Connecticut 06095:

- Asbestos Containing Products including, but not
  limited to Dryer Felts

(y)    Sepco Corporation is a California whose principal place of

business is 29982 Ivy Glenn Drive, Laguna Niguel, California 92677:

- Asbestos Containing Products including, but not
  limited to Gaskets and Packing

85

(z)     Uniroyal Holdings, Inc. is a New Jersey Corporation whose principal

place of business is 70 Great Hill Road, Naugatuck, CT 06770:

-     Asbestos Containing Products including, but not
      limited to Asbestos Cloth and  Gasket Material

(aa)    York International Corporation is a Delaware corporation whose

principal place of business is P. O. Box 1592-364E York, PA 17405 and

may be served through their registered agent at The Corporation Trust

Company, Corporation Trust Center 1209 Orange Street Wilmington, DE

19801, including but not limited to the following:

-     Asbestos Containing Products including, but not
      limited to Compressors

(bb)    Zurn Industries, Incorporated is a Pennsylvania corporation whose

principal place of business is 1801 Pittsburg Avenue Erie, PA 16502-3801

and may be served through their registered agent at The Corporation Trust

Company, Corporation Trust Center 1209 Orange Street Wilmington, DE

19801, including but not limited to the following:

-     Asbestos Containing Products including, but not
      limited to Pumps and Valves

121.    The term "Specifying Defendant" refers to each and every one of those defendants which

specified the use of asbestos-containing products and/or materials on equipment, including both

equipment it produced, manufactured, distributed, sold, and/or placed into the stream of commerce and

equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by

others.

122.    The following is a "Specifying Defendant":

(a)    USX Corporation as successor in interest to United States Steel,

Tiger Brand Wire and Cable, and American Steel and Wire is a Delaware

corporation whose principal place of business is 600 Grant Street, Suite 1538,

Pittsburgh, Pennsylvania 15219, including but not limited to the following:

-Premise Defendant

123.    The term "Contractor Defendant" refers to each and every one of those defendants which installed asbestos-containing products and/or materials at the worksites, including both their own asbestos-containing products and/or materials and asbestos-containing products and/or materials produced or manufactured by others.

124.    The following defendant is both a "Producer Defendant" and a "Contractor Defendant":

(a)    Foster Wheeler Corporation is a New Jersey corporation

whose principal place of business is Perryville Corporate Park, Clifton,

New Jersey 08809-4000 and may be served through its registered agent at

The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New

York 12207.

-    Asbestos containing products, including but not
     limited to Boilers, Contract Units, Appartemart
     Boiler Parts

Defendants are joint tortfeasors and are jointly and severally liable to the plaintiff.

Each defendant is sued (a) in its individual capacity, (b) as a successor in interest to each of those entities specifically identified herein as the Defendant's predecessor in interest, (c) as a successor in interest to each of those entities which, through discovery or otherwise, is identified during the course of litigation as the Defendant's predecessor in interest, (d) as an alter ego to each of those entities specifically identified herein as the Defendant's adjunct or instrumentality, and (e) as an alter ego to each of those entities which, through discovery or otherwise, is

identified during the course of litigation as the Defendant's adjunct or instrumentality.

## DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

125.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

126.    The Defendants acted by and through their agents, servants, and employees, and are liable for the conduct of their agents, servants, and employees. Whenever this complaint refers to Defendants' actionable conduct, it includes the conduct of Defendants' agents, servants, and employees.

127.    Whenever this complaint refers to asbestos-containing products and/or materials, it includes, without limitation, all products and/or materials containing any amount of any form of asbestos and/or any form of talc.

128.    The Defendants, at all times relevant to this complaint, knew, or in the exercise of ordinary care should have known, that asbestos was poisonous and harmful to human beings and that asbestos-containing products and/or materials posed a serious health hazard to humans, particularly in connection with the human lungs and respiratory system but also in connection with other vital organs.

129.    Plaintiffs and/or Plaintiff's Decedent's were injured and/or died as a direct and proximate consequence of the conduct of the Defendants, which were negligent in some or all of the following respects:

    (a)    Producing and/or manufacturing and placing into the stream of commerce asbestos-containing products and/or materials.

    (b)    Distributing, selling, and/or placing into the stream of commerce asbestos-containing products and/or materials, including their own asbestos-containing products and/or

materials and asbestos-containing products and/or materials produced or manufactured by others.

(c)  Installing asbestos-containing products and/or materials at the Worksites, including both their own asbestos-containing products and/or materials produced or manufactured by others.

(d)  Specifying the use of asbestos-containing products and/or materials on equipment, including both equipment produced, manufactured, distributed, sold and/or placed into the stream of commerce by the Defendants and on equipment produced, manufactured, distributed, sold, and/or placed into the stream of commerce by others.

(e)  Marketing asbestos-containing products and/or materials to industries which Defendants knew, or should have known, would expose workers and their families to dust from such asbestos-containing products and/or materials.

(f)  Failing to properly design and manufacture asbestos-containing products and/or materials.

(g)  Failing to properly test asbestos-containing products and/or materials before they were released for consumer use.

(h)  Failing to develop and to utilize a substitute material for asbestos-containing products and/or materials.

(i)  Failing to specify for use on equipment safe substitutes for asbestos-containing products and/or materials.

(j)  Failing to timely and adequately warn Plaintiff and/or Plaintiff's Decedent of the dangerous characteristics and serious health hazards associated with secondary exposure to asbestos-containing products and/or materials.

(k)  Failing to provide Plaintiff and/or Plaintiff's Decedent's with information

as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment and appliances, if in truth there were any, to protect the Plaintiff and/or Plaintiff's Decedent from being harmed and disabled by secondary exposure to asbestos-containing products and/or materials.

(l)     Failing to take precautions to protect Plaintiff and/or Plaintiff's Decedent from exposure to asbestos-containing products and/or materials while Plaintiff and/or Plaintiff's Decedent was an invitee on premises occupied, controlled, and/or owned by the Defendants.

(m)     Failing to place timely and adequate health warnings on the containers of asbestos-containing products and/or materials, and/or on the asbestos-containing products and/or materials themselves, and/or on equipment requiring or calling for the use of asbestos-containing products and/or materials.

(n)     Failing to take reasonable precautions or to exercise reasonable care to publish, to adopt, and to enforce a safety plan and/or safe method of handling and installing asbestos-containing products and/or materials.

(o)     Failing to recall and/or to remove from the stream of commerce asbestos-containing products and/or materials despite knowledge of their unsafe and dangerous nature.

(p)     Engaging in a conspiracy or conspiracies to affirmatively misrepresent and/or to suppress material facts about the dangers of exposure to asbestos fibers and the seriousness of the health hazard posed by asbestos fibers.

(q)     Specifically disregarding the safety of Plaintiff and/or Plaintiff's Decedent and fraudulently concealing from Plaintiff and/or Plaintiff's Decedent the dangerous nature of the asbestos fibers to which Plaintiff and/or Plaintiff's Decedent was exposed.

(r)     Otherwise (a) causing and/or contributing to cause Plaintiff and/or Plaintiff's Decedent to be exposed to asbestos-containing products and/or materials and/or (b)

failing to prevent Plaintiff and/or Plaintiff's Decedent from being secondarily exposed to asbestos-containing products and/or materials.

130.    The Defendants' actions were negligent, reckless, and willful and wanton and constituted an outrageous disregard for the health and safety of workers and their families, including Plaintiff and/or Plaintiff's Decedent, who was exposed to asbestos-containing products and/or materials in his workplace.

## COUNT ONE

131.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

132.    The asbestos-containing products and/or materials to which Plaintiff and/or Plaintiff's Decedent was exposed were unreasonably dangerous when applied to their intended use in the usual and customary manner in that:

(a)    The asbestos fibers contained in the asbestos-containing products and/or materials are highly carcinogenic and otherwise injurious to the tissue of the human body when inhaled into the respiratory system or ingested into the digestive system.

(b)    The asbestos fibers contained in the asbestos-containing products and/or materials are fibrous by nature and increase in friability with exposure to heat or friction or by mere passage of time, so that such asbestos fibers are subject to being readily inhaled or ingested into the respiratory and digestive systems of person in the vicinity thereof.

133.    The Defendants caused the unreasonably dangerous asbestos-containing products and/or materials to enter the market, as a result of which Plaintiff and/or Plaintiff's Decedent was exposed and suffered grave and progressive bodily injuries and death.

134.    The Defendants knew or should have known in the exercise of ordinary care and

diligence that the asbestos-containing products and/or materials were unreasonably dangerous. Nevertheless, the Defendants made no effort to recall the asbestos-containing products and/or materials from any buildings, including, without limitation, the Worksites. The Defendants thus allowed Plaintiff and/or Plaintiff's Decedent to be exposed to the asbestos-containing products and/or materials without warning of the dangers thereof or taking preventive measures to protect Plaintiff and/or Plaintiff's Decedent from asbestos exposure, as a proximate result of which Plaintiff's Decedent suffered grave and progressive bodily injury and/or death.

## COUNT TWO

135.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

136.    The second cause of action for personal injury and wrongful death is grounded in legal theories of negligence and intentional tort.

137.    The Defendants acted tortiously in concert with one another, and in some instances, intentionally, to advance, to pursue or to implement agreements concerning the misrepresentation, concealment, and/or destruction of scientific and legal evidence concerning the health hazards of asbestos.

138.    The Defendants reached an agreement or understanding to inflict a wrong against Plaintiff and/or Plaintiff's Decedent and other similarly situated individuals. Moreover, the Defendants' minds met on the object or course of action, amounting to some mutual mental action coupled with an intent to commit the acts which resulted in the injuries and death to Plaintiff and/or Plaintiff's Decedent. In short, the Defendants hatched a preconceived plan with unity of design and purpose to misrepresent, conceal and/or destroy scientific and/or legal evidence concerning the health hazards of asbestos. They intended to engage in a course of

conduct which resulted in injuries, and the course of conduct was known to them through their officers, directors, agents, servants, and managers.

139.    The Defendants' liability is joint for all of the tortious conduct and resultant injuries, as well as for the wanton behavior of each Defendant, including the wantonness of co-conspirators not sued herein.

140.    The Defendants acted in concert along with other co-conspirators not sued herein with the intent to deceive and to misinform Plaintiff and/or Plaintiff's Decedents and others about the health hazards of asbestos.

141.    Plaintiff and/or Plaintiff's Decedents and others similarly situated were the targets of the intentional acts of deception and misrepresentation.

142.    In particular, the Defendants, acting through their own medical departments and in conjunction with those of their co-conspirators, including their trade associations, investigated the health hazards faced by workers, thereby learning, or in the exercise of reasonable care, having to learn, of the hazards of asbestos.

143.    Acting maliciously, the Defendants initially suppressed and misrepresented the results of investigations, actively concealing the information from customers, from the users of the asbestos-containing products and/or materials, from their own workers, from the employees of contractors working upon their premises, and from governmental and medical authorities. Ultimately, however, the Defendants conspired to destroy or to alter records of knowledge in order to prevent the scientific and medical evidence from being discovered by the victims of their conspiracy and to forestall regulatory efforts and legislation intended to protect innocent workers from the invisible dusty death.

144.    Each Defendant either, (a) actively took part in the suppression, concealment, misrepresentation, and eventual destruction of data and evidence, and/or (b) furthered the plan or

plans by cooperation, and/or (c) lent aid or encouragement to the actual wrongdoers, and/or (d) ratified and adopted the wrongdoers' acts done for their benefit.

145.    The acts of the Defendants in furtherance of their plan of deception were done intentionally or negligently, and in concert, rendering them each jointly and severally liable for the wanton behavior of the other Defendants and coconspirators not sued herein with whom they acted in concert.

146.    As a result of the conspiratorial acts described above, the dangers of asbestos to the human respiratory and digestive systems were hidden from industry in particular and society in general, with the consequences (a) that asbestos-containing products and/or materials were installed in virtually every plant and building in the United States and a large part of the rest of the industrialized world, (b) that safe substitutes were not developed by industry until after plants and buildings had already been made hazardous by the application or installation of numerous asbestos-containing products and/or materials, and (C) that a large number of people who have come into contact with asbestos-containing products and/or materials have become ill or died as a result of the inhalation or ingestion of asbestos fibers.

147.    Plaintiff and/or Plaintiff's Decedent was among those who worked in the hidden danger of asbestos, sometimes unaware of the presence of asbestos and always unaware of the carcinogenic and other adverse properties of asbestos fibers. As a proximate consequence of the conspiratorial acts of the Defendants in affirmatively misrepresenting and/or suppressing evidence concerning the carcinogenic and other adverse properties of the asbestos-containing products and/or materials, some of which were installed in or applied to the Worksites, Plaintiff and/or Plaintiff's Decedent was caused to be exposed to, and was unable to protect himself from the asbestos fibers, and consequently, Plaintiff and/or Plaintiff's Decedent was exposed to asbestos in his work environment, and thereby suffered grave and progressive bodily injuries and

death.

## COUNT THREE

148.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

149.    The third cause of action for personal injury and wrongful death is grounded in a legal theory of negligence and intentional tort.

150.    Plaintiff and/or Plaintiff's Decedents were exposed to dangerous and carcinogenic asbestos fibers.

151.    The Defendants knew or should have known that Plaintiff and/or Plaintiff's Decedents, in the course of their employment, were being exposed to asbestos-containing products and/or materials which would injure Plaintiff and/or Plaintiff's Decedents, and the Defendants owed a duty of care to Plaintiff and/or Plaintiff's Decedents to protect them from the dangers of exposure to the asbestos-containing products and/or materials.

152.    The Defendants specifically disregarded the safety and health of Plaintiff and/or Plaintiff's Decedents and failed to protect them from the carcinogenic and other adverse effects of the asbestos fibers to which he was exposed by (a) failing to warn Plaintiff and/or Plaintiff's Decedents that they was being exposed to dangerous asbestos containing products, and by (b) failing to remove the dangerous asbestos containing products and/or materials promptly after the Defendants became aware of their presence and the dangers thereof.

153.    The Defendants further concealed from Plaintiff and/or Plaintiff's Decedents the carcinogenic and other adverse effects of the asbestos fibers to which they were exposed in their work environment.

154.    As a proximate result of the conduct of the Defendants, Plaintiff and/or Plaintiff's

Decedents were exposed to dangerous and carcinogenic asbestos fibers which caused them grave bodily injury and death.

## COUNT FOUR

155.    The Plaintiff adopts, alleges, and incorporates herein by reference all of the averments and allegations set forth in the preceding paragraphs of this complaint as if fully set forth herein.

156.    The fourth cause of action for wrongful death is based on legal theories of product liability, breach of warranty, combined and concurring negligence, intentional tort, and conspiracy.

157.    As a result of Defendants' actions, Plaintiff and/or Plaintiff's Decedents were exposed to unreasonably dangerous, defective, negligently manufactured and marketed asbestos-containing products and/or materials, which caused grave and progressive bodily injury to Plaintiff and/or Plaintiff's Decedents and which proximately caused the death of Plaintiff and/or Plaintiff's Decedents.

158.    Plaintiff and/or Plaintiff's Decedent assert that they have filed suit either within the applicable State statute of limitations period, and/or within the appropriate limitations period as its commencement date is modified by 42 U.S.C. § 9658 (a)(1), (b)(4)(A) (CERCLA) and as held in *Kowalski v. The Goodyear Tire & Rubber Company, 841 F. Supp. 104, 107 (W.D.N.Y. 1994).*

## JURY DEMAND AND AD DAMNUM

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs hereby demands a trial by struck jury on all of the issues which have been or may hereafter be raised in any of the pleadings, whether filed by or on behalf of the Plaintiffs or any of the Defendants, and further demands judgment jointly and severally against all of the Defendants in an amount to be

assessed by the jury as proper and just, together with all special and general damages permitted

under applicable law as the Court deems proper and just.

**JACOBS & CRUMPLAR, P.A.**

By:  _____
Robert Jacobs, Esquire (ID No. 0244)
2 East 7th Street, P.O. Box 1271
Wilmington, DE 19899
Telephone: (302) 656-5445
*Attorney for Plaintiff*

Date: <u>October 30, 2006</u>

S:\wp70\Asbestos Case Folders\Referral Cases - Keahey\FEDERAL Court Case\Pleadings\103006_Complaint.doc

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Betty Agee, Individually and as Representative of the Estate of Richard L. Agee, et al.

**DEFENDANTS** A.W. Chesterton, et al.

**(b)** County of Residence of First Listed Plaintiff  United States
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  United States
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert Jacobs, Esquire
Jacobs & Crumplar, PA, 2 E 7th St, Wilmington, DE 19801 - (302) 656-5445

Attorneys (If Known)  Unknown.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity under 28 U.S.C. Section 1332
Brief description of cause:
Asbestos Personal injury case

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $In excess of $1,000,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  None.

JUDGE

DOCKET NUMBER

DATE  October 30, 2006

SIGNATURE OF ATTORNEY OF RECORD  Robert Jacobs P.C.

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____30_____ COPIES OF AO FORM 85.

_____Oct 30, 06_____          _____
(Date forms issued)              (Signature of Party or their Representative)

                            _____
                            (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action