**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BETTY AGEE, Individually and as** | ) | |
| **Representative of the Estate of** | ) | |
| **RICHARD L. AGEE, (deceased), et al.** | ) | **CIVIL ACTION NO.        06-668** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **A.W. CHESTERTON, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT ALBANY INTERNATIONAL CORPORATION, WITH**
**AFFIRMATIVE DEFENSES AND CROSS CLAIMS TO**
**THE PLAINTIFFS' COMPLAINT**

Defendant Albany International Corporation answers the allegations set forth in Plaintiffs' Complaints as follows:

**JURSIDICTION AND VENUE**

Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations as to jurisdiction and venue. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

**STATUTE OF LIMITAIONS**

Answering defendant denies all of the plaintiffs' assertions in reference to the application of the Statute of Limitations.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## BACKGROUND FACTS – THE PLAINTIFFS

1.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

2.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

3.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

4.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

5.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

6.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

7.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

8.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

9.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

10.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

11.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

12.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

13.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

14.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

15.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

16.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

17.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

18.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

19.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

20.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

21.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

22.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

23.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

24.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

25.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

26.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

27.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

28.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

29.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

30.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

31.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

32.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

33.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

34.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

35.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

36.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

37.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

38.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

39.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

40.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

41.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

42.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

43.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

44.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

45.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

46.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

47.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

48.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

49.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

50.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

51.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

52.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

53.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

54.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

55.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

56.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

57.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

58.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

59.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

60.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

61.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

62.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

63    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

64.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

65.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

66.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

67.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

68.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

69.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

70.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

71.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

72.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

73.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

74.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

75.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

76.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

77.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

78.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

79.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

80.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

81.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

82.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

83.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

84.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

85.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

86.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

87.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

88.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

89.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

90.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

91.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

92.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

93.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

94.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

95.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

96.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

97.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

98.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

99.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

100.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

101.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

102.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

103.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

104.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

105.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

106.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

107.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

108.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

109.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

110.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

111.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

112.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

113.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

114.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

115.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

116.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

117.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## BACKGROUND FACTS- THE DEFENDANTS

118.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

119.    Denied

120.    (a) through (bb), Denied.

121.    Denied

122.    Denied.

123.   Denied

124.   Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.


## DEFENDANT'S CONDUCT AND PLAINITFF'S DECENDANT'S INJURY

125.   Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

126.   Denied.

127.   Denied

128.   Denied.

129.   (a) through (r) Denied.

130.   Denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT ONE

131.   Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

132.   (a) through (b),  Denied.

133.   Denied.

134.   Denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT TWO

135.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT THREE

148.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT FOUR

155.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

156.    Denied.

157.    Denied.

158.    Denied.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## AFFIRMATIVE DEFENSES

159.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

## FIRST AFFIRMATIVE DEFENSE

160.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

161.    The claims set forth in the Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

162.    The plaintiffs were contributorily negligent in that they used and exposed themselves to products which they knew or should have known would be injurious to their health, and they failed to take reasonable precautions to guard against any dangers resulting therefrom.

## FOURTH AFFIRMATIVE DEFENSE

163.    The plaintiffs assumed the risk of any injuries about which they complained.

## FIFTH AFFIRMATIVE DEFENSE

164.    At all relevant times, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which plaintiffs complain, was superior to that of the answering defendant, and therefore, if there was any duty to warn plaintiffs, the duty was on those other persons and business entities and not on the answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

165.    The answering defendant is immune from liability for any conduct performed in conformance with government specifications.

## SEVENTH AFFIRMATIVE DEFENSE

166.    The failure of plaintiff's employer to warn and/or safeguard plaintiffs from any possible health hazards associated with asbestos was an intervening and superseding cause of plaintiffs' alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

167.    Plaintiffs' employers' failure to provide the proper protective equipment to insure a safe working environment was the proximate cause of any injuries of which plaintiffs complain.

## NINTH AFFIRMATIVE DEFENSE

168.    The Complaint fails to state a claim for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

169.    The complaint fails to state a claim upon which relief can be granted for prejudgment interests.

## ELEVENTH AFFIRMATIVE DEFENSE

170.    The claims for punitive damages are barred by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of The United States of America and of the Constitution of the State of Delaware.

## TWELFTH AFFIRMATIVE DEFENSE

171.    Claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

172.    This action is barred by the doctrine of sophisticated purchaser.

## FOURTEENTH AFFIRMATIVE DEFENSE

173.    Plaintiff's injuries, if any, were solely and proximately caused by the negligence of some person or persons, corporation, association or other entity not a party to this lawsuit, or were solely and proximately caused by defects in products manufactured by some other person or person, corporation, association or legal entity not a party to this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

174.    The plaintiff misused the asbestos containing product which misuse was the proximate cause or contributed to the injuries and damages of which plaintiff complains.

## SIXTEENTH AFFIRMATIVE DEFENSE

175.    If it is proven that the plaintiff came in contact with or was exposed to any products manufactured, sold and/or used by answering Defendant, said products were materially changed, altered or modified by others, including but not limited to the plaintiffs themselves.

## SEVENTEENTH AFFIRMATIVE DEFENSE

176.    Answering Defendant had no knowledge of the dangerous propensities of the material allegedly causing the injuries and damages to the plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

177.    At the time of the manufacture, distribution, sale or use of any products for which answering Defendant is alleged to be liable, the body of knowledge in the scientific, medical and industrial communities did not recognize any risk of danger connected with the use of said products, and accordingly answering Defendant relies on the state-of-the-art defense.

## NINETEENTH AFFIRMATIVE DEFENSE

178.    In the event it is found that plaintiff was exposed to any products supplied by answering Defendant such exposure was *de minimus* and is not sufficient to establish a reasonable degree of probability that a product supplied by answering Defendant caused any injury to the plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

179.    The alleged incident, injuries and damages of which the plaintiffs complain were caused by unauthorized, unintended or improper use of the products complained of and as a result

of the failure to exercise reasonable and ordinary care, caution or vigilance for which answering Defendant is not legally liable or responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

180.    Answering Defendant is entitled to a set-off for any amounts paid or to be paid by other Defendants as a settlement with plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

181.    The complaint should be dismissed as to the answering Defendant under the doctrine of *forum non conveniens.*

## TWENTY-THIRD AFFIRMATIVE DEFENSE

182.    Answering defendant is not liable for the intentional torts of any of it's predecessors in-interest.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

183.    Strict liability is not the law in the State of Delaware

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

184.    Plaintiffs are estopped from proceeding with causes of actions alleged in their complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

185.    The complaint fails to specify any willful or wanton conduct on the part of the answering defendant, and therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

186.    The complaint fails to specifically state the items of special damages claimed as required by Court Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

187.    The complaint fails to allege with specificity any acts, actions or conduct on the part of the answering defendant which constitute negligence, fraud or conspiracy as required by Court Rule 9 and therefore all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

188.    Plaintiffs' claims for punitive damages are barred by the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

## THIRTIETH AFFIRMATIVE DEFENSE

189.    Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the Constitution of the United States of America.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

190.    The process of original service of process is insufficient; statutory and court rule requirements have not been satisfied.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

191.    The claims have been compromised and settled with the named defendant.

## MOTION TO STRIKE

192.    The Complaint fails to allege any willful, wanton, or reckless conduct on the part of the answering Defendant specifically, and therefore, all claims for and reference to the recovery of punitive damages in the Complaint must be stricken as to the answering Defendant.

193.    The Complaint fails to allege any acts, actions, or conduct on the part of the answering Defendant which constitute fraud or conspiracy with specificity as required by Federal District Court Civil Rule 9, therefore, all claims and/or damages based upon allegations of fraud or conspiracy must be stricken as to the answering Defendant.

## MOTION TO DISMISS

194.    References to strict liability and/or premises liability fail to state a claim upon which relief can be granted against the answering Defendant, and therefore, the Complaint must be dismissed.

195.    The complaint must be dismissed, pursuant to Federal District Court Rule 12(b)(2), on the basis of a lack of personal jurisdiction over the answering Defendant.

## CROSS CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

196.    The answering Defendant denies that it is liable to the plaintiff in any respect. However, in the event that the answering Defendant is held liable to the plaintiff, then it cross claims against each and every co-Defendant, on the grounds that the conduct of one or several co-Defendants, was the primary cause of the damage sustained by the plaintiff and that the answering Defendant, if liable at all, is only secondarily liable.  The answering Defendant, therefore, is entitled to indemnification from each and every co-Defendant.

197.    In the event that the answering Defendant is held primarily liable to the plaintiff, then the alleged wrongful acts of the co-Defendants are contributing causes of the damages

sustained by the plaintiff and the answering Defendant is entitled to contribution in any amount which it may be required to pay to the plaintiff as a result of the co-Defendant's wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. §6308.

## ANSWERS TO CROSSCLAIMS

198.    The answering defendant denies the allegations of any crossclaim that has been or may be asserted against it and demands that any such crossclaim be dismissed.  Further, it is asserted that if liability is found, there should be apportionment made by trier of fact.

## JURY DEMAND

Answering defendant hereby demands a Jury of Twelve to hear and decide all issues of fact which have been raised or may be raised by plaintiffs, defendant and co-defendants.

**WHEREFORE**, defendant, Albany International Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

*/s/ MATTHEW P. DONELSON*
_____
MATTHEW P. DONELSON (BAR ID#4243)
300 Delaware Avenue, 17th Floor
P.O. Box 1630
Wilmington, DE  19899-1630
302/428-3181
Attorney for Defendant
Albany International Corporation.

DATE:   November 21, 2006

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BETTY AGEE, Individually and as** | ) | |
| **Representative of the Estate of** | ) | |
| **RICHARD L. AGEE, (deceased), et al.** | ) | **CIVIL ACTION NO.         06-668** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **A.W. CHESTERTON, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### CERTIFICATE OF SERVICE

I, Matthew P. Doneslon, Esquire  hereby certify that on the 21st day of November, 2006 A Notice of Appearance and Defendant's Answer to the Complaint was served by electronic filing on the following counsel of record:


Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 E. 7th Street
Wilmington, DE 19801
Attorney for Plaintiffs

Jonathan L. Parshall, Esquire
Murphy, Spadaro & Landon
1011 Centre Road Suite 210
Wilmington, DE 19805
Attorney for Brandon Drying Fabrics, Inc

Donald E. Reid, Esquire
Morris Nichols Arsht & Tunnell, LLP
1201 N Market Street
P.O. Box 1347
Wilmington, DE 19899
Attorney for Georgia-Pacific Corporation


                    ELZUFON AUSTIN REARDON
                    TARLOV & MONDELL, P.A.

                    */s/ MATTHEW P. DONELSON*
                    MATTHEW P. DONELSON (BAR ID#4243)
                    300 Delaware Avenue, 17th Floor
                    P. O. Box 1630
                    Wilmington, DE   19899-1630
                    Attorney for Defendant
Dated:  November 21, 2006      Albany International Corporation

JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS *Betty Agee, Individually and as Representative of the Estate of Richard L. Agee, et. al* | DEFENDANTS *A.W. Chesterton, et. al.* |
|---|---|
| **(b)** County of Residence of First Listed Plaintiff *Lauderdale Cty, AL* (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant *Suffolk Cty, MA* (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number) *Jacobs + Crumplar, 2 East 7th Street P.O. Box 1271, Wilmington, DE 19899* | Attorneys (If Known) *Unknown* |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers' Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☒ 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation ☐ 470 Racketeer Influenced and Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 890 Other Statutory Actions ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/ Accommodations ☐ 444 Welfare ☐ 445 Amer. w/Disabilities - Employment ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | **LABOR** ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff or Defendant) ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act ☐ 900Appeal of Fee Determination Under Equal Access to Justice ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): *Diversity Under 28 USC Section 1332*

Brief description of cause: *Asbestos Personal Injury Action*

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ *1,000,000.00*

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE *NONE*   DOCKET NUMBER *N/A*

| DATE *11/21/06* | SIGNATURE OF ATTORNEY OF RECORD *[signature]* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____