**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BETTY AGEE, Individually and as** | ) | |
| **Representative of the Estate of** | ) | |
| **RICHARD L. AGEE, (deceased), et al.** | ) | **CIVIL ACTION NO.    06-668** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **A.W. CHESTERTON, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER OF DEFENDANT ZURN INDUSTRIES**
**WITH AFFIRMATIVE DEFENSES AND CROSS CLAIMS TO**
**THE PLAINTIFFS' COMPLAINT**

Defendant Zurn Industries answers the allegations set forth in Plaintiffs' Complaints as follows:

**JURSIDICTION AND VENUE**

Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations as to jurisdiction and venue. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

**STATUTE OF LIMITAIONS**

Answering defendant denies all of the plaintiffs' assertions in reference to the application of the Statute of Limitations.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

## BACKGROUND FACTS – THE PLAINTIFFS

1.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

2.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

3.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

4.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

5.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

6.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

7.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

8.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

9.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

10.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

11.      Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

12.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

13.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

14.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

15.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

16.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

17.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

18.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

19.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

20.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

21.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

22.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

23.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

24.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

25.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

26.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

27.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

28.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

29.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

30.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

31.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

32.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

33.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

34.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

35.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

36.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

37.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

38.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

39.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

40.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

41.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

42.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

43.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

44.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

45.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

46.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

47.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

48.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

49.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

50.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

51.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

52.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

53.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

54.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

55.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

56.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

57.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

58.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

59.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

60.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

61.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

62.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

63     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

64.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

65.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

66.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

67.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

68.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

69.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

70.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

71.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

72.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

73.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

74.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

75.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

76.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

77.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

78.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

79.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

80.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

81.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

82.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

83.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

84.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

85.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

86.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

87.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

88.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

89.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

90.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

91.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

92.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

93.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

94.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

95.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

96.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

97.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

98.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

99.     Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

100.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

101.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

102.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

103.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

104.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

105.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

106.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

107.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

108.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

109.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

110.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

111.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

112.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

113.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

114.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

115.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

116.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

117.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

## BACKGROUND FACTS- THE DEFENDANTS

118.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

119.    Denied

120.    (a) through (bb), Denied.

121.    Denied

122.    Denied.

123.    Denied

124.    Answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations. Therefore, the allegations are denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.


## DEFENDANT'S CONDUCT AND PLAINITFF'S DECENDANT'S INJURY

125.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

126.    Denied.

127.    Denied

128.    Denied.

129.    (a) through (r) Denied.

130.    Denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT ONE

131.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

132.    (a) through (b),  Denied.

133.    Denied.

134.    Denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT TWO

135.     Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

141.     Denied.

142.     Denied.

143.     Denied.

144.     Denied.

145.     Denied.

146.     Denied.

147.     Denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT THREE

148.     Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

149.     Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

### COUNT FOUR

155.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

156.    Denied.

157.    Denied.

158.    Denied.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

### AFFIRMATIVE DEFENSES

159.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of the Answer as if fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

160.    The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

161.    The claims set forth in the Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

162.    The plaintiffs were contributorily negligent in that they used and exposed themselves to products which they knew or should have known would be injurious to their health, and they failed to take reasonable precautions to guard against any dangers resulting therefrom.

## FOURTH AFFIRMATIVE DEFENSE

163.    The plaintiffs assumed the risk of any injuries about which they complained.

## FIFTH AFFIRMATIVE DEFENSE

164.    At all relevant times, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take action to prevent the injuries of which plaintiffs complain, was superior to that of the answering defendant, and therefore, if there was any duty to warn plaintiffs, the duty was on those other persons and business entities and not on the answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

165.    The answering defendant is immune from liability for any conduct performed in conformance with government specifications.

## SEVENTH AFFIRMATIVE DEFENSE

166.    The failure of plaintiff's employer to warn and/or safeguard plaintiffs from any possible health hazards associated with asbestos was an intervening and superseding cause of plaintiffs' alleged injuries.

### EIGHTH AFFIRMATIVE DEFENSE

167.    Plaintiffs' employers' failure to provide the proper protective equipment to insure a safe working environment was the proximate cause of any injuries of which plaintiffs complain.

### NINTH AFFIRMATIVE DEFENSE

168.    The Complaint fails to state a claim for punitive damages.

### TENTH AFFIRMATIVE DEFENSE

169.    The complaint fails to state a claim upon which relief can be granted for prejudgment interests.

### ELEVENTH AFFIRMATIVE DEFENSE

170.    The claims for punitive damages are barred by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of The United States of America and of the Constitution of the State of Delaware.

### TWELFTH AFFIRMATIVE DEFENSE

171.    Claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

172.    This action is barred by the doctrine of sophisticated purchaser.

### FOURTEENTH AFFIRMATIVE DEFENSE

173.    Plaintiff's injuries, if any, were solely and proximately caused by the negligence of some person or persons, corporation, association or other entity not a party to this lawsuit, or were solely and proximately caused by defects in products manufactured by some other person or person, corporation, association or legal entity not a party to this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

174.    The plaintiff misused the asbestos containing product which misuse was the proximate cause or contributed to the injuries and damages of which plaintiff complains.

## SIXTEENTH AFFIRMATIVE DEFENSE

175.    If it is proven that the plaintiff came in contact with or was exposed to any products manufactured, sold and/or used by answering Defendant, said products were materially changed, altered or modified by others, including but not limited to the plaintiffs themselves.

## SEVENTEENTH AFFIRMATIVE DEFENSE

176.    Answering Defendant had no knowledge of the dangerous propensities of the material allegedly causing the injuries and damages to the plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

177.    At the time of the manufacture, distribution, sale or use of any products for which answering Defendant is alleged to be liable, the body of knowledge in the scientific, medical and industrial communities did not recognize any risk of danger connected with the use of said products, and accordingly answering Defendant relies on the state-of-the-art defense.

## NINETEENTH AFFIRMATIVE DEFENSE

178.    In the event it is found that plaintiff was exposed to any products supplied by answering Defendant such exposure was *de minimus* and is not sufficient to establish a reasonable degree of probability that a product supplied by answering Defendant caused any injury to the plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

179.    The alleged incident, injuries and damages of which the plaintiffs complain were caused by unauthorized, unintended or improper use of the products complained of and as a result

of the failure to exercise reasonable and ordinary care, caution or vigilance for which answering Defendant is not legally liable or responsible.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

180.    Answering Defendant is entitled to a set-off for any amounts paid or to be paid by other Defendants as a settlement with plaintiffs.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

181.    The complaint should be dismissed as to the answering Defendant under the doctrine of *forum non conveniens.*

### TWENTY-THIRD AFFIRMATIVE DEFENSE

182.    Answering defendant is not liable for the intentional torts of any of it's predecessors in-interest.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

183.    Strict liability is not the law in the State of Delaware

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

184.    Plaintiffs are estopped from proceeding with causes of actions alleged in their complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

185.    The complaint fails to specify any willful or wanton conduct on the part of the answering defendant, and therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

186.     The complaint fails to specifically state the items of special damages claimed as required by Court Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the complaint must be stricken.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

187.     The complaint fails to allege with specificity any acts, actions or conduct on the part of the answering defendant which constitute negligence, fraud or conspiracy as required by Court Rule 9 and therefore all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

188.     Plaintiffs' claims for punitive damages are barred by the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

## THIRTIETH AFFIRMATIVE DEFENSE

189.     Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the Constitution of the United States of America.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

190.     The process of original service of process is insufficient; statutory and court rule requirements have not been satisfied.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

191.     The claims have been compromised and settled with the named defendant.

## MOTION TO STRIKE

192.    The Complaint fails to allege any willful, wanton, or reckless conduct on the part of the answering Defendant specifically, and therefore, all claims for and reference to the recovery of punitive damages in the Complaint must be stricken as to the answering Defendant.

193.    The Complaint fails to allege any acts, actions, or conduct on the part of the answering Defendant which constitute fraud or conspiracy with specificity as required by Federal District Court Civil Rule 9, therefore, all claims and/or damages based upon allegations of fraud or conspiracy must be stricken as to the answering Defendant.

## MOTION TO DISMISS

194.    References to strict liability and/or premises liability fail to state a claim upon which relief can be granted against the answering Defendant, and therefore, the Complaint must be dismissed.

195.    The complaint must be dismissed, pursuant to Federal District Court Rule 12(b)(2), on the basis of a lack of personal jurisdiction over the answering Defendant.

## CROSS CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

196.    The answering Defendant denies that it is liable to the plaintiff in any respect. However, in the event that the answering Defendant is held liable to the plaintiff, then it cross claims against each and every co-Defendant, on the grounds that the conduct of one or several co-Defendants, was the primary cause of the damage sustained by the plaintiff and that the answering Defendant, if liable at all, is only secondarily liable.  The answering Defendant, therefore, is entitled to indemnification from each and every co-Defendant.

197.    In the event that the answering Defendant is held primarily liable to the plaintiff, then the alleged wrongful acts of the co-Defendants are contributing causes of the damages

sustained by the plaintiff and the answering Defendant is entitled to contribution in any amount which it may be required to pay to the plaintiff as a result of the co-Defendant's wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. §6308.

## ANSWERS TO CROSSCLAIMS

198.    The answering defendant denies the allegations of any crossclaim that has been or may be asserted against it and demands that any such crossclaim be dismissed.  Further, it is asserted that if liability is found, there should be apportionment made by trier of fact.

## JURY DEMAND

Answering defendant hereby demands a Jury of Twelve to hear and decide all issues of fact which have been raised or may be raised by plaintiffs, defendant and co-defendants.

**WHEREFORE**, defendant, Zurn Industries demands that the Complaint be dismissed with costs assessed to plaintiffs.

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.


/s/ MATTHEW P. DONELSON

MATTHEW P. DONELSON (BAR ID#4243)
300 Delaware Avenue, 17th Floor
P.O. Box 1630
Wilmington, DE  19899-1630
302/428-3181
Attorney for Defendant
Zurn Industries

DATE:  November 21, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BETTY AGEE, Individually and as | ) | |
| Representative of the Estate of | ) | |
| RICHARD L. AGEE, (deceased), et al. | ) | **CIVIL ACTION NO.        06-668** |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| A.W. CHESTERTON, et al, | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

I, Matthew P. Doneslon, Esquire  hereby certify that on the 21st day of November, 2006 A Notice of Appearance and Defendant's Answer to the Complaint was served by electronic filing on the following counsel of record:

Robert Jacobs, Esquire
Jacobs & Crumplar, P.A.
2 E. 7th Street
Wilmington, DE 19801
Attorney for Plaintiffs

Jonathan L. Parshall, Esquire
Murphy, Spadaro & Landon
1011 Centre Road Suite 210
Wilmington, DE 19805
Attorney for Brandon Drying Fabrics, Inc

Donald E. Reid, Esquire
Morris Nichols Arsht & Tunnell, LLP
1201 N Market Street
P.O. Box 1347
Wilmington, DE 19899
Attorney for Georgia-Pacific Corporation

ELZUFON AUSTIN REARDON
TARLOV & MONDELL, P.A.

*/s/ MATTHEW P. DONELSON*

MATTHEW P. DONELSON (BAR ID#4243)
300 Delaware Avenue, 17th Floor
P. O. Box 1630
Wilmington, DE   19899-1630
Attorney for Defendant

Dated:  November 21, 2006                     Zurn Industries