**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BETTY AGEE, individually and as | ) | |
| Representative of the Estate of | ) | |
| RICHARD L. AGEE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 06-668 SLR |
| | ) | |
| -against- | ) | |
| | ) | |
| A.W. CHESTERTON, *et al*., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## ANSWER OF BRANDON DRYING FABRICS, INC.

Defendant Brandon Drying Fabrics, Inc. ("Brandon Drying") responds to the numbered paragraphs of plaintiffs' complaint as follows:

### ALLEGATIONS AS TO JURISDICTION AND VENUE

Brandon Drying lacks sufficient information at this time to determine whether complete diversity exists between all plaintiff and all defendants.

### ALLEGATIONS AS TO STATUTE OF LIMITATIONS

Brandon Drying agrees that the Delaware statute of limitations applies to diversity actions brought in this Court. Brandon Drying lacks sufficient information at this time to determine whether the claims were timely filed.

### BACKGROUND FACTS -- PLAINTIFFS

1.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

2.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

3.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

4.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies same.

5.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

6.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

7.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

8.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

9.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

10.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

11.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

12.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

13.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

14.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

15      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

16.      Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

19.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

20.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

21.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

22.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

24.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

25.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

26.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

27.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

28.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

29.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

30.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

31.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

32.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

33.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

34.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of these allegations.

35.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

36.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

37.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

38.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

39.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

40.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

41.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

42.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

43.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

44.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

45.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

46.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

47.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

48.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

49.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

50.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

51.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

52.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

53.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

54.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

55.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

56.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

57.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

58.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

59.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

60.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

61.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

62.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

63.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

64.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

65.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

66.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

67.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

68.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

69.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

70.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

71.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

72.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

73.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

74.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

75.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

76.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

77.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

78.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

79.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

80.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

81.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

82.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

83.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

84.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

85.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

86.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

87.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

88.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

89.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

90.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

91.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

92.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

93.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

94.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

95.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

96.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

97.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

98.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

99.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

100.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

101.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

102.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

103.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

104.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

105.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

106.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

107.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

108.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

109.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

110.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

111.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

112.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

113.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

114.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

115.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

116.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

117.    Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

## BACKGROUND FACTS – THE DEFENDANTS

118.    Brandon Drying incorporates its responses to the preceding paragraphs of the complaint.

119.    Brandon Drying denies that it ever sold asbestos-containing products; Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

120.     Denied that Brandon Drying is a "Producer Defendant" as defined in paragraph 119.  Admitted that Brandon Drying is a Delaware corporation.  Denied that Brandon Drying's principal place of business is at 75 Beattie Place, Two Insignia Financial Plaza in Greenville, South Carolina.  Denied that Corporation Service Company is its registered agent.  Denied that it sold any asbestos containing products.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

121.     Brandon Drying denies that it ever specified the use of asbestos-containing products or materials or equipment.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants

122.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

123.     Brandon Drying denies that it ever installed asbestos-containing products or materials at any worksite.

124.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to Foster Wheeler Corporation.  The remaining allegations of the paragraph as to Brandon Drying are denied.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as to other defendants.

**DEFENDANTS' CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY**

125.     Brandon Drying incorporates its responses to the allegations in the preceding paragraphs.

126.     This paragraph states a legal conclusion to which no response is required.

127.     Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

128.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

129.    Brandon Drying denies any wrongful conduct.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

130.    Brandon Drying denies any wrongful conduct.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

**COUNT ONE**

131.    Brandon Drying incorporates its responses to the allegations in the preceding paragraphs.

132.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

133.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

134.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

**COUNT TWO**

135.    Brandon Drying incorporates its responses to the allegations in the preceding paragraphs.

136.    This paragraph states a legal conclusion to which no response is required.

137.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

138.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations.

139.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

140.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

141.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

142.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

143.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

144.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

145.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

146.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

147.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

## COUNT III

148.    Brandon Drying incorporates its responses to the allegations in the preceding paragraphs.

149.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

150.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

151.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

152.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

153.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

154.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

## COUNT FOUR

155.    Brandon Drying incorporates its responses to the allegations in the preceding paragraphs.

156.    This paragraph states a legal conclusion to which no response is required.

157.    Denied as to Brandon Drying.  Brandon Drying is without knowledge or information sufficient to form a belief as to the truth of the allegations as to other defendants.

158.    Denied.

## DEFENSES

Brandon Drying herewith pleads and sets forth separately and distinctly the following defenses to each and every allegation and cause of action of plaintiff's complaint as though stated separately.

### FIRST DEFENSE

That all claims asserted against Brandon Drying by the plaintiff in plaintiff's complaint are barred by the applicable statute of limitations of the State of Delaware, and/or other states, and the statute of limitations is specifically asserted as a bar to the claims asserted by the plaintiff in plaintiff's complaint.

That all claims asserted in the plaintiff's complaint, including each statement therein and each and every paragraph thereof, individually, and together, are barred, and the plaintiff is prevented and precluded from proceeding hereunder by virtue of the doctrine of laches, which is specifically asserted as a defense hereto.

### SECOND DEFENSE

That no product sold or distributed by Brandon Drying in any way damaged or injured the plaintiff.

### THIRD DEFENSE

That if the plaintiff sustained injury or damage, as alleged, which is denied, such injury or damage resulted solely from acts and omissions of persons other than Brandon

Drying for which Brandon Drying is in no way responsible, and that such acts or omissions on the part of others constitutes an independent intervening and sole proximate cause of such injury or damage.

Furthermore, if plaintiff suffered injury or damage as alleged, which is denied, the same was solely, directly and proximately caused by the negligence of labor unions to which the plaintiff belonged, and of owners of premises where plaintiff was working, and of plaintiff's employers and their carriers and entities contracting with the plaintiff's employers, in their failing to warn plaintiff of the dangers of asbestos and asbestos-related products, and to identify and correct hazardous working conditions and practices, and to provide and maintain for plaintiff proper safety equipment and a safe place to work, free of dust and other hazards.  In the alternative, such negligence constituted independent, intervening, superseding and proximate causes of such alleged injury or damage complained of by plaintiff.

<u>FOURTH DEFENSE</u>

The plaintiff's complaint fails to join certain necessary and indispensable parties and, therefore must be dismissed or, alternatively, this civil action should be stayed pending other appropriate relief by the Court.

<u>FIFTH DEFENSE</u>

That if the plaintiff used any product manufactured, sold or distributed by Brandon Drying, which is denied, the plaintiff was not exposed thereto sufficiently to render Brandon Drying responsible to the plaintiff for the damages claimed and any claim against Brandon Drying would be speculative, and for which no recovery would be warranted against Brandon Drying, and for which Brandon Drying would not be responsible.

<u>SIXTH DEFENSE</u>

If plaintiff suffered injury or damage as alleged, which is denied, the same resulted from his/her own negligence in failing to care for his/her own health by smoking

tobacco products over an extended period of time; and that the smoking of said tobacco products is the sole, direct, and proximate cause, or a contributing cause, of the alleged injury or damage, if any, occurring to the plaintiff.

<u>SEVENTH DEFENSE</u>

Plaintiff is barred from recovery, in that any asbestos-containing products manufactured, formulated, sold, distributed or produced by Brandon Drying were in conformity with the existing state-of-the-art applicable at the time of their manufacture, sale, formulation or distribution, and thus, such asbestos-containing products were not defective in any manner.  Further, Brandon Drying provided adequate warnings as to any risk or perceived risk associated with any such products.

<u>EIGHTH DEFENSE</u>

Brandon Drying alleges that any asbestos-containing products were manufactured in mandatory conformity with specifications promulgated by the United States Government, and that any recovery by plaintiff herein are barred as a consequence of the exercise of such sovereign powers.

<u>NINTH DEFENSE</u>

Brandon Drying states that the plaintiff is barred from recovery herein, because of modification, alteration or change in some other manner, of the asbestos-containing products alleged in plaintiff's complaint.  All of plaintiff's employers, were sophisticated users of asbestos-containing products and said employers' negligence in providing such products to its employees in an altered, modified, negligent, careless and reckless manner was a superseding intervening cause of plaintiff's alleged injuries.

<u>TENTH DEFENSE</u>

Brandon Drying states that the plaintiff's employer(s), by reason of advice, information, warnings, and use, handling and storage information given to them, and/or by reason of their long standing and continuous experience with asbestos-containing products are and were sophisticated users, handlers, and storers of any and all such

products and thus acquired a separate and affirmative duty to warn, advise and inform plaintiff of any potential harmful effects from the mishandling, mis-storage, and/or misuse of the subject products, if any.  Each such employer failed to so warn plaintiff and thereby breached said duty.  Such failure and breach directly and proximately caused all damages, injuries, and losses alleged.

### ELEVENTH DEFENSE

Plaintiff has heretofore settled and compromised, or will hereafter settle and compromise, his/her claims for the alleged injuries or damage with certain Co-Defendants or non-joined parties, and such settlement amounts received by plaintiffs have or will fully compensate them for any damages or injuries which are allowed by law so that nothing whatsoever should be recovered from Brandon Drying.  In the alternative, in order to avoid receipt of double or duplicate payments to the plaintiff, Brandon Drying will be entitled to full credit for and deductions of such settlement amounts if they do not otherwise fully compensate plaintiff for those damages which are allowed by law.

In the event plaintiff has heretofore entered into any release(s) relative to alleged exposure of the plaintiff to products of Brandon Drying, which exposure is expressly denied, Brandon Drying is released from any and all liability, and Brandon Drying moves the Court to enter an order of dismissal.

### TWELFTH DEFENSE

That the facts and circumstances surrounding the use of material described in the Complaint do not support the allegations regarding the imposition of punitive damages nor do they warrant the imposition of punitive damages; that the Complaint fails to state a cause of action with respect to punitive damages; and the Complaint should be dismissed pursuant to Civil Rule 12(b)(6), or in the alternative, the allegations of punitive damages should be deleted from the Complaint, as to Brandon Drying.

### THIRTEENTH DEFENSE

That an award of punitive damages, as claimed by the plaintiff, would violate the Fifth, Sixth, and Fourteenth Amendments, separately, of the Constitution of the United States, and the Constitution of the State of Delaware, on each of the following separate and several grounds:

(a)    The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(b)    The procedures fail to provide means for awarding separate judgments against alleged tortfeasors.

(c)    The procedures fail to provide a limit on the amount of the award against this Defendant.

(d)    The procedures fail to provide specific standards for the award of punitive damages.

(e)    The procedures fail to provide specific standards for the amount of the award of punitive damages.

(f)    The procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(g)    The procedures permit multiple awards of punitive damages for the same alleged act.

(h)    The procedures fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(i)    The procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

(j)    The standards of conduct upon which punitive damages are sought are vague.

<u>FOURTEENTH DEFENSE</u>

At the time of the injuries alleged in the Complaint, parties other than Brandon Drying were negligent in and about the matters referred to in said Complaint, and such negligence proximately and concurrently contributed to any loss or damage alleged by plaintiff.

### FIFTEENTH DEFENSE

The Complaint, and each cause of action therein, fails to state facts sufficient to constitute a cause of action against Brandon Drying in that plaintiff has failed to join a substantial market share of the producers of asbestos-containing products to which plaintiff was allegedly exposed.

### SIXTEENTH DEFENSE

That if it is determined that plaintiff was exposed to an asbestos-containing product manufactured, distributed, sold or used by Brandon Drying, the same being denied, and if it is determined that plaintiff sustained damages as a result and proximate cause of such exposure, again which Brandon Drying denies in its entirety, then any such damages properly attributable to Brandon Drying were, and are, negligible in degree and amount and, hence, "de minimis"; and, that the plaintiff may therefore not recover any damages from this Defendant.

### SEVENTEENTH DEFENSE

It is alleged that the sole or partial proximate cause of the injuries, losses, or damages claimed was the fault, negligence, and/or strict liability of other named defendants, and persons, firms, or entities not specifically named in the Complaint.  In the event of a finding of any fault against Brandon Drying by way of judgment, settlement, or otherwise, Brandon Drying requests that an apportionment of fault among all parties be made by the Court or jury, and that a judgment and declaration of partial or total indemnification and contribution against all other parties be made in accordance with such apportionment of fault.

### EIGHTEENTH DEFENSE

Plaintiff failed to exercise due diligence to mitigate the loss, injury or damages alleged herein. Accordingly, the amount of damages to which plaintiff is entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated and plaintiff is barred from any recovery of any injury or damages suffered thereby.

NINETEENTH DEFENSE

Plaintiff fails to state a cause of action for strict liability.

TWENTIETH DEFENSE

Plaintiff fails to plead negligence, fraud or conspiracy and fail to plead special damages with sufficient particularity.

TWENTY FIRST DEFENSE

Process and service of process are insufficient.

TWENTY SECOND DEFENSE

Affirmatively and alternatively, without waiving any other defenses elsewhere asserted herein, this Defendant specifically pleads the defenses of estoppel, laches, waiver, and ratification and adopts all defenses afforded it by the applicable ANSI standards and government regulations, including those promulgated under OSHA.

TWENTY THIRD DEFENSE

The plaintiff was contributorily negligent in that he/she used and/or exposed himself/herself to products which he/she knew or should have known would be injurious to his/her health and/or failed to take reasonable precautions to guard against any damages resulting therefrom. His/her claim is, therefore, barred by that negligence or the damages he may have a right to recover should be diminished by 10 Del.C. § 8132.

TWENTY FOURTH DEFENSE

The plaintiff assumed the risk of injury.

TWENTY-FIFTH DEFENSE

This Court lacks subject-matter jurisdiction.

## CROSS-CLAIM FOR CONTRIBUTION

Brandon Drying denies that it has any liability to the plaintiffs in any respect. However, in the event it is found to be liable to plaintiff, all other named defendants are jointly and severally liable with Brandon Drying because of the allegations stated in the complaint and, accordingly, Brandon Drying is entitled to contribution from said defendants for any amount which Brandon Drying may be required to pay to the plaintiff and is entitled to have the relative fault determined in accordance with 10 Del. C. § 6302.

## CROSS-CLAIM FOR INDEMNIFICATION

Brandon Drying denies that it has any liability to plaintiff. However, if Brandon Drying is held to answer to plaintiff under allegations against it in the complaint, then Brandon Drying is entitled to indemnification from all other named defendants for any amount it is required to pay to the plaintiff.

## ANSWER OF BRANDON DRYING INDUSTRIES, INC. TO PAST, PRESENT OR FUTURE CROSS-CLAIMS OF ALL OTHER DEFENDANTS

Brandon Drying denies all of the allegations of any and all cross-claims heretofore filed or to be filed in the future by other defendants against Brandon Drying.

WHEREFORE, defendant Brandon Drying demands that the Court enter judgment in its favor against plaintiff, or in the alternative, that judgment be entered on its cross-claims against any or all of the defendants, together with costs.

MURPHY SPADARO & LANDON


/s/ Jonathan L. Parshall
Roger D. Landon (#2460)
Jonathan L. Parshall #3247
1011 Centre Road, Suite 210
Wilmington, DE 19805
(302) 472-8106
Attorneys for Defendant
  Brandon Drying Industries,   Inc.

Dated: November 27, 2006

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| BETTY AGEE, individually and as ) | |
| Representative of the Estate of ) | |
| RICHARD L. AGEE, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 06-668 SLR |
| ) | |
| -against- ) | |
| ) | |
| A.W. CHESTERTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I, Jonathan L. Parshall, do hereby certify that on this 27th day of November 2006, I electronically filed **ANSWER OF BRANDON DRYING FABRICS, INC.** with the Clerk of the Court using CM/ECF which will send notification of such filing to all counsel of record:

/s/ Jonathan L. Parshall
Jonathan L. Parshall, ID # 3247
MURPHY SPADARO & LANDON
1011 Centre Road, Suite 210
Wilmington, Delaware 19805
Telephone:  (302) 472-8106
Facsimile: (302) 472-8135
e-mail: jonp@msllaw.com

00137072.DOC