IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BETTY AGEE, Individually and as )
Representative of the Estate of )    C.A. NO. 06-668 (SLR)
RICHARD L. AGEE, (deceased), et al., )
)
Plaintiffs, )    **JURY TRIAL DEMANDED**
)
–vs– )
)
A.W CHESTERTON, et al., )
)
Defendants. )
)

## ANSWER OF DEFENDANT RAPID-AMERICAN CORPORATION WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO THE PLAINTIFFS' COMPLAINT

Defendant Rapid-American Corporation answers the allegations set forth in plaintiffs' Complaint as follows:

### JURISDICTION AND VENUE

The answering defendant is without sufficient knowledge to either admit or deny plaintiffs' allegations as to jurisdiction and venue. Therefore, the allegations are denied.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

### STATUTE OF LIMITATIONS

The answering defendant denies all of plaintiffs' assertions in reference to the application of the Statute of Limitations.

**WHEREFORE,** defendant Rapid-American Corporation demands that the complaint be dismissed with costs assessed to plaintiffs.

{ 60201/410/01126768:1-NXH}

## BACKGROUND FACTS – THE PLAINTIFFS

1.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

2.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

3.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

4.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

5.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

6.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

7.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

8.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

9.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

10.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

11.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

12.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

13.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

14.      The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

15.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

16.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

17.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

18.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

19.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

20.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

21.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

22.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

23.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

24.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

25.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

26.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

27.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

28.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

29.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

30.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

31.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

32.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

33.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

34.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

35.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

36.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

37.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

38.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

39.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

40.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

41.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

42.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

43.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

44.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

45.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

46.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

47.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

48.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

49.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

50.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

51.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

52.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

53.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

54.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

55.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

56.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

57.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

58.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

59.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

60.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

61.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

62.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

63.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

64.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

65.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

66.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

67.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

68.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

69.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

70.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

71.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

72.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

73.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

74.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

75.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

76.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

77.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

78.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

79.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

80.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

81.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

82.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

83.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

84.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

85.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

86.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

87.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

88.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

89.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

90.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

91.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

92.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

93.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

94.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

95.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

96.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

97.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

98.     The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

99.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

100.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

101.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

102.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

103.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

104.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

105.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

106.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

107.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

108.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

109.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

110.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

111.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

112.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

113.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

114.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

115.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

116.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

117.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

<u>**BACKGROUND FACTS – THE DEFENDANTS**</u>

118.    The answering defendant incorporates its responses to paragraphs "1" through "117" as fully as though they were herein set forth at length.

119.    Denied as to the answering defendant.

120.    Denied as to the answering defendant.

120(a). Denied as to answering defendant.

120(b). Denied as to answering defendant.

120(c). Denied as to answering defendant.

120(d). Denied as to answering defendant.

120(e). Denied as to answering defendant.

120(f). Denied as to answering defendant.

120(g) Denied as to answering defendant.

120(h). Denied as to answering defendant.

120(i). Denied as to answering defendant.

120(j). Denied as to answering defendant.

120(k). Denied as to answering defendant.

120(l). Denied as to answering defendant.

120(m). Denied as to answering defendant.

120(n). Denied as to answering defendant.

120(o). Denied as to answering defendant.

120(p). Denied as to answering defendant.

120(q). Denied as to answering defendant.

120(r). Denied as to answering defendant.

120(s). Denied as to answering defendant.

120(t). Denied as to answering defendant.

120(u). Denied as to answering defendant.

120(v). Denied as to answering defendant.

120(w). Denied as to answering defendant.

120(x). Denied as to answering defendant.

120(y). Denied as to answering defendant.

120(z). Denied as to answering defendant.

120(aa).        Denied as to answering defendant.

120(bb).        Denied as to answering defendant.

121.    Denied as to the answering defendant.

122.    Denied as to the answering defendant.

122(a). Denied as to the answering defendant.

123.    Denied as to the answering defendant.

124.    The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

124(a).  The answering defendant is without sufficient knowledge or information to form a belief as to the truth of the averments contained within this paragraph and accordingly, such averments must be denied and strict proof thereof demanded at trial of the issue.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## DEFENDANT'S CONDUCT AND PLAINTIFFS' DECEDENTS' INJURY

125.    The answering defendant incorporates its responses to paragraphs "1" through "124" as fully as though they were herein set forth at length within this Count.

126.    Denied as to the answering defendant.

127.    Denied as to the answering defendant.

128.    Denied as to the answering defendant.

129.    Denied as to the answering defendant.

129(a). Denied as to the answering defendant.

129(b). Denied as to answering defendant.

129(c). Denied as to answering defendant.

129(d). Denied as to answering defendant.

129(e). Denied as to answering defendant.

129(f). Denied as to answering defendant.

129(g). Denied as to answering defendant.

129(h). Denied as to answering defendant.

129(i). Denied as to answering defendant.

129(j). Denied as to answering defendant.

129(k). Denied as to answering defendant.

129(l). Denied as to answering defendant.

129(m). Denied as to answering defendant.

129(n). Denied as to answering defendant.

129(o). Denied as to answering defendant.

129(p). Denied as to answering defendant.

129(q). Denied as to answering defendant.

129(r). Denied as to answering defendant.

130.   Denied as to the answering defendant.

**WHEREFORE,** defendant Rapid-American Corporation demands that the
Complaint be dismissed with costs assessed to plaintiffs.

## COUNT ONE

131.    The answering defendant incorporates its responses to paragraphs "1" through "130" and all subparts thereunder as fully as though they were herein set forth at length within this Count.

132.    Denied as to the answering defendant.

132(a). Denied as to the answering defendant.

132(b). Denied as to the answering defendant.

133.    Denied as to the answering defendant.

134.    Denied as to the answering defendant.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT TWO

135.    The answering defendant incorporates its responses to paragraphs "1" through "134" and all subparts thereunder as fully as though they were herein set forth at length within this Count.

136.    Denied as to the answering defendant.

137.    Denied as to the answering defendant.

138.    Denied as to the answering defendant.

139.    Denied as to the answering defendant.

140.    Denied as to the answering defendant.

141.    Denied as to the answering defendant.

142.    Denied as to the answering defendant.

143.    Denied as to the answering defendant.

144.   Denied as to the answering defendant.

145.   Denied as to the answering defendant.

146.   Denied as to the answering defendant.

147.   Denied as to the answering defendant.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT THREE

148.   The answering defendant incorporates its responses to paragraphs "1" through "147" and all subparts thereunder as fully as though they were herein set forth at length within this Count.

149.   Denied as to the answering defendant.

150.   Denied as to the answering defendant.

151.   Denied as to the answering defendant.

152.   Denied as to the answering defendant.

153.   Denied as to the answering defendant.

154.   Denied as to the answering defendant.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## COUNT FOUR

155.   The answering defendant incorporates its responses to paragraphs "1" through "154" and all subparts thereunder as fully as though they were herein set forth at length within this Count.

156.   Denied as to the answering defendant.

{ 60201/410/01126768:1-NXH}                    - 23 -

157.    Denied as to the answering defendant.

158.    Denied as to the answering defendant.

**WHEREFORE,** defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.

## JURY DEMAND AND AD DAMNUM

The averments of this paragraph do not require a response from Rapid-American Corporation.   To the extent an answer is required; Rapid American Corporation denies the averments of this paragraph.   Further answering the Complaint, Rapid American Corporation denies all averments not specifically admitted herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

159.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

160.    The claims set forth in plaintiffs' Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

161.    Plaintiffs were contributorily negligent in that they used and exposed themselves to products which they knew or should have known would be injurious to their health, and they failed to take reasonable precautions to guard against any dangers resulting therefrom.

## FOURTH AFFIRMATIVE DEFENSE

162.    Plaintiffs assumed the risk of any injuries about which they complained.

## FIFTH AFFIRMATIVE DEFENSE

163.    At all relevant times, the knowledge of other persons and entities, and the ability of such other persons and business entities to take action to prevent the injuries of which plaintiffs complain, was superior to that of the answering defendant, and therefore, if there was any duty to warn plaintiffs, the duty was on those other persons and business entities and not on the answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

164.    The answering defendant is immune from liability for any conduct performed in conformance with government specifications.

## SEVENTH AFFIRMATIVE DEFENSE

165.    The failure of plaintiffs' employers to warn and/or safeguard plaintiffs from any possible health hazards associated with asbestos was an intervening and superseding cause of plaintiffs' alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

166.    Plaintiffs' employers' failure to provide the proper protective equipment to insure a safe working environment was the proximate cause of any injuries of which plaintiffs complain.

## NINTH AFFIRMATIVE DEFENSE

167.    The Complaint fails to state a claim for punitive damages.

## TENTH AFFIRMATIVE DEFENSE

168.    The Complaint fails to state a claim upon which relief can be granted for prejudgment interests.

## ELEVENTH AFFIRMATIVE DEFENSE

169.    The claims for punitive damages are barred by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of The United States of America and of the Constitution of the State of Delaware.

## TWELFTH AFFIRMATIVE DEFENSE

170.    Claims for punitive damages are barred by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

171.    This action is barred by the doctrine of sophisticated purchaser.

## FOURTEENTH AFFIRMATIVE DEFENSE

172.    Plaintiffs' injuries, if any, were solely and proximately caused by the negligence of some person or persons, corporation, association or other entity not a party to this lawsuit, or were solely and proximately caused by defects in products manufactured by some other person or person, corporation, association or legal entity not a party to this lawsuit.

## FIFTEENTH AFFIRMATIVE DEFENSE

173.    Plaintiffs misused the asbestos-containing product, which misuse was the proximate cause or contributed to the injuries and damages of which plaintiffs complain.

## SIXTEENTH AFFIRMATIVE DEFENSE

174.    If it is proven that plaintiffs came in contact with or were exposed to any products manufactured, sold and/or used by answering defendant, said products were materially changed, altered or modified by others, including but not limited to plaintiffs themselves.

## SEVENTEENTH AFFIRMATIVE DEFENSE

175.    The answering defendant had no knowledge of the dangerous propensities of the material allegedly causing the injuries and damages to plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

176.    At the time of the manufacture, distribution, sale or use of any products for which answering defendant is alleged to be liable; the body of knowledge in the scientific, medical and industrial communities did not recognize any risk of danger connected with the use of said products, and accordingly answering defendant relies on the state of the art defense.

## NINETEENTH AFFIRMATIVE DEFENSE

177.    In the event it is found that plaintiffs were exposed to any products supplied by answering defendant, such exposure was *de minimus* and is not sufficient to establish a reasonable degree of probability that a product supplied by answering defendant caused any injury to plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

178.    The alleged incident, injuries and damages of which plaintiffs complain were caused by unauthorized, unintended or improper use of the products complained of and as a result of the failure to exercise reasonable and ordinary care, caution or vigilance for which answering defendant is not legally liable or responsible.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

179.    The answering defendant is entitled to a set-off for any amounts paid or to be paid by other defendants as a settlement with plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

180.    The Complaint should be dismissed as to the answering defendant under the doctrine of *forum non conveniens*.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

181.    The answering defendant is not liable for the intentional torts of any of its

predecessors in-interest.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

182.    Strict liability is not the law in the State of Delaware

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

183.    Plaintiffs are estopped from proceeding with causes of actions alleged in

their Complaint.

### TWENTY SIXTH AFFIRMATIVE DEFENSE

184.    The Complaint fails to specify any willful or wanton conduct on the part

of the answering defendant, and therefore all claims for and references to the recovery of special

damages in the Complaint must be stricken.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

185.    The Complaint fails to specifically state the items of special damages

claimed as required by Court Rule 9(g) and therefore all claims for and references to the

recovery of special damages in the Complaint must be stricken.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

186.    The Complaint fails to allege with specificity any acts, actions or conduct on the part of the answering defendant which constitute negligence, fraud or conspiracy as required by Court Rule 9 and therefore all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

187.    Plaintiffs' claims for punitive damages are barred by the Due Process clause of the Fourteenth Amendment of the Constitution of the United States of America.

## THIRTIETH AFFIRMATIVE DEFENSE

188.    Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the Fifth Amendment of the Constitution of the United States of America.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

189.    The process of original service of process is insufficient; statutory and court rule requirements have not been satisfied.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

190.    The claims have been compromised and settled with the named defendant.

## MOTION TO STRIKE

191.    The Complaint fails to allege any willful, wanton, or reckless conduct on the part of the answering defendant specifically, and therefore all claims for and reference to the recovery of punitive damages in the Complaint must be stricken as to the answering defendant.

192.    The Complaint fails to allege any acts, actions, or conduct on the part of the answering defendant which constitute fraud or conspiracy with specificity as required by

Federal District Court Civil Rule 9, and therefore all claims and/or damages based upon allegations of fraud or conspiracy must be stricken as to the answering defendant.

## MOTION TO DISMISS

193.    References to strict liability and/or premises liability fail to state a claim upon which relief can be granted against the answering defendant, and therefore the Complaint must be dismissed.

194.    The Complaint must be dismissed, pursuant to Federal District Court Rule 12(b)(2), on the basis of a lack of personal jurisdiction over the answering defendant.

## CROSS-CLAIM FOR CONTRIBUTION AND INDEMNIFICATION

195.    The answering defendant denies that it is liable to plaintiffs in any respect. However, in the event that the answering defendant is held liable to plaintiffs, then it cross-claims against each and every co-defendant on the grounds that the conduct of one or several co¬defendants was the primary cause of the damage sustained by plaintiffs and that the answering defendant, if liable at all, is only secondarily liable.   The answering defendant, therefore, is entitled to indemnification from each and every co-defendant.

196.    In the event that the answering defendant is held primarily liable to plaintiffs, then the alleged wrongful acts of the co-defendants are contributing causes of the damages sustained by plaintiffs and the answering defendant is entitled to contribution in any amount which it may be required to pay to plaintiffs as a result of the co-defendants' wrongful acts, based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del. C. §6308.

## ANSWERS TO CROSS-CLAIMS

197.    The answering defendant denies the allegations of any crossclaim that has been or may be asserted against it and demands that any such cross-claim be dismissed. Further, it is asserted that if liability is found there should be apportionment made by trier of fact.

### JURY DEMAND

The answering defendant hereby demands a Jury of Twelve to hear and decide all issues of fact which have been raised or may be raised by plaintiffs, defendant and co-defendants.

**WHEREFORE**, defendant Rapid-American Corporation demands that the Complaint be dismissed with costs assessed to plaintiffs.


Dated:  12 - 20 - 06

**WERB & SULLIVAN**

DUANE D. WERB (Bar No. 1042)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899-1630
Telephone :( 302) 652-1100
Facsimile: (302) 652-1111
E-Mail:  dwerb@werbsullivan.com

*Attorneys for Defendant*
*Rapid-American Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BETTY AGEE, Individually and as | ) | |
| Representative of the Estate of | ) | C.A. NO. 06-668 (SLR) |
| RICHARD L. AGEE, (deceased), et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| −vs− | ) | |
| | ) | |
| A.W CHESTERTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Duane D. Werb, hereby certify that on this 20th day of December 2006, I caused a copy of the foregoing *Answer of Defendant Rapid-American Corporation With Affirmative Defenses and Cross-Claims to the Plaintiff's Complaint* upon the following individuals and in the manner indicated with notification of the above filing being sent to all counsel of record via the Court's CM/ECF system:

**VIA HAND DELIVERY**
Robert Jacobs, Esquire
JACOBS & CRUMPLAR, P.A.
2 East 7th Street
P.O. Box 1271
Wilmington, DE 19899

WERB & SULLIVAN

DUANE D. WERB (Bar No. 1042)
300 Delaware Avenue, 13th Floor
P.O. Box 25046
Wilmington, DE 19899-1630
Telephone :( 302) 652-1100
Facsimile: (302) 652-1111
E-Mail: dwerb@werbsullivan.com

*Attorneys for Defendant*
*Rapid-American Corporation*

{ 60201/410/01126768:1-NXH}

- 32 -