**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **BETTY AGEE, Individually and as** | : | **Case No. 06-668 (SLR)** |
| **Representative of the Estate of** | : | |
| **RICHARD L. AGEE, et al,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.W. Chesterton, et al,** | : | |
| **Defendants** | : | **Trial by Jury of Twelve** |
| | : | **Demanded** |

**ANSWER OF DEFENDANT GARLOCK SEALING TECHNOLOGIES, L.L.C.
TO COMPLAINT WITH AFFIRMATIVE DEFENSES,
CROSS-CLAIMS AND REPLY TO CROSS-CLAIMS**

Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc.

("Garlock"), by and through its undersigned counsel, denies that it is liable to Plaintiffs on any

basis whatsoever and hereby answers the Plaintiffs' Complaint as follows:

**JURISDICTION AND VENUE**

Answering Defendant is without sufficient knowledge to either admit or deny Plaintiffs'

allegations as to jurisdiction and venue. Therefore, the allegations are denied.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as

Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed

against Plaintiffs together with attorneys' fees and granting other and further relief as is just and

proper.

**STATUTE OF LIMITATIONS**

Answering Defendant denies all of the Plaintiffs' assertions in reference to the

application of the Statute of Limitations.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## BACKGROUND FACTS – THE PLAINTIFFS

1.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

2.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

3.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

4.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

5.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

6.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

7.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

8.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

9.      Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

10.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

11.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

12.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

13.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

14.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

15.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

16.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

17.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

18.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

19.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

20.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

21.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

22.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

23.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

24.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

25.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

26.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

27.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

28.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

29.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

30.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

31.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

32.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

33.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

34.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

35.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

36.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

37.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

38.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

39.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

40.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

41.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

42.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

43.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

44.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

45.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

46.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

47.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

48.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

49.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

50.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

51.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

52.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

53.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

54.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

55.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

56.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

57.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

58.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

59.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

60.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

61.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

62.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

63.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

64.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

65.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

66.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

67.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

68.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

69.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

70.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

71.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

72.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

73.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

74.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

75.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

76.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

77.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

78.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

79.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

80.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

81.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

82.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

83.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

84.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

85.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

86.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

87.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

88.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

89.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

90.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

91.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

92.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

93.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

94.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

95.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

96.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

97.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

98.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

99.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

100.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

101.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

102.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

103.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

104.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

105.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

106.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

107.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

108.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

109.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

110.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

111.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

112.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

113.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

114.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

115.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

116.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

117.     Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## **BACKGROUND FACTS – THE DEFENDANTS**

118.    Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. ("Garlock") reasserts and incorporates by reference its previous responses as though fully set forth here in response to Paragraph 118 of the Complaint.

119.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

120.    It is admitted that Garlock Sealing Technologies, L.L.C. is a corporation.  All other remaining averments are denied.

121.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

122.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

123.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

124.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## DEFENDANT'S CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

125.    Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. ("Garlock") reasserts and incorporates by reference its previous responses as though fully set forth here in response to Paragraph 125 of the Complaint.

126.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

127.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

128.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

129.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

130.    Answering Defendant denies the allegations contained in this paragraph of the Complaint insofar as the allegations are directed against Garlock.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## COUNT ONE

131.    Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. ("Garlock") reasserts and incorporates by reference its previous responses as though fully set forth here in response to Paragraph 131 of the Complaint.

132.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

133.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

134.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## <u>COUNT TWO</u>

135.    Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. ("Garlock") reasserts and incorporates by reference its previous responses as though fully set forth here in response to Paragraph 135 of the Complaint.

136.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

137.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

138.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

139.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

140.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

141.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

142.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

143.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

144.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

145.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

146.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

147.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

## <u>COUNT THREE</u>

148.    Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. ("Garlock") reasserts and incorporates by reference its previous responses as though fully set forth here in response to Paragraph 148 of the Complaint.

149.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

150.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

151.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

152.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

153.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

154.    It is denied that Garlock committed any wrongdoing of any nature whatsoever.  It is further denied that Garlock is liable to Plaintiffs.  All other remaining averments are also denied.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

1.    The allegations of the Complaint and each County thereof fail to state a claim upon which relief can be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

2.    The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3.      This court lacks personal jurisdiction over Defendant.

## FOURTH AFFIRMATIVE DEFENSE

4.      This court lacks jurisdiction over the subject matter of Plaintiffs' claims.

## FIFTH AFFIRMATIVE DEFENSE

5.      This action is barred pursuant to the doctrine of forum non conveniens.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff was contributorily and/or comparatively negligent.

## SEVENTH AFFIRMATIVE DEFENSE

7.      If any product was supplied by this Defendant, the product was safe, fit and suitable for its proper and intended use.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred by the operation of the doctrine of latches.

## NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claims are barred by the operation of the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs should have taken action to minimize or eliminate their damages, and Plaintiffs are precluded from recovering damages, or their damages are reduced, by the operation of the doctrine of avoidable consequences.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Whatever damages were incurred by Plaintiff was the result of intervening and/or superseding acts or omissions of parties over whom Answering Defendant had no control.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The injuries and losses alleged by the Plaintiff, if they occurred, were caused by the acts and omissions of other parties, including other Defendants herein, over whom this Defendant had no responsibility or control.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     At all times relevant thereto, the knowledge of Plaintiff's employer(s) was superior to that of Answering Defendant with respect to possible health hazards associated with his employment, and, therefore, if there was any duty to warn Plaintiff or provide protection to him, it was the duty of said employers, not of Answering Defendant, and breach of duty was an intervening and/or superseding cause of Plaintiff's alleged injuries.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     At all relevant times hereto, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take actions to prevent the injuries complained of was superior to that of the Answering Defendant, and therefore, if there was a duty to warn the Plaintiff, the duty was on those other persons and business entities and not on the Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Answering Defendant had no knowledge of the dangerous propensities of the material allegedly causing the injuries to the Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Answering Defendant extended no warranties, express or implied, and denies that any warranties were breached.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    In the event exposure of any Plaintiff to any product supplied by this Defendant is found to have occurred, such exposure was de minimis and is not sufficient to establish to a reasonable degree of probability that a product supplied by this Defendant caused any injury to Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    The alleged incident, injuries and damages of which the Plaintiff's complain were caused by unauthorized, unintended or improper use of the products complained of and as a result of the failure to exercise reasonable and ordinary care, caution or vigilance for which Answering Defendant is not legally liable or responsible.

## TWENTIETH AFFIRMATIVE DEFENSE

20.    The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Answering Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Delaware.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Answering Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Delaware.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Answering Defendant's right to procedural due process as provided in Article I, Section 11 of  the Constitution of the State of Delaware.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Answering Defendant upon which relief can be granted.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Answering Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Delaware and/or any other applicable laws.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The actions of Answering Defendant were within its rights under the First Amendment to the United States Constitution and applicable provisions of the Constitution of the State of Delaware, and are fully protected thereby.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    The claim of Plaintiff is barred by Plaintiff's contributory and/or comparative negligence and/or assumption of risk and/or other affirmative defenses asserted herein.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiff has failed to state a cause of action for attorneys' fees, prejudgment interest and costs.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    The allegations of strict liability in the Complaint fail to set forth a cause of action as the doctrine of strict liability is not applicable in the present case nor is it actionable as a matter of law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    This action is barred by the entire controversy doctrine.

### THIRTIETH AFFIRMATIVE DEFENSE

30.    The Complaint fails to specify any wilful or wanton conduct on the part of Answering Defendant, and, therefore, all claims in reference to the recovery of punitive damages in the Complaint must be stricken.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    The Complaint fails to specifically state the items of special damages claimed as required by applicable rules and, therefore, all claims for and references to the recovery of special damages in the Complaint must be stricken.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    The Complaint fails to allege with specificity any acts, actions or conduct on the part of the Answering Defendant which constitutes negligence, fraud or conspiracy as required by applicable Rules of Court and, therefore, all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Answering Defendant did not owe Plaintiff any duties, warranties, obligations or responsibilities, and therefore cannot be held in breach thereof.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims are barred by their failure to timely and properly notify the Answering Defendant of their alleged losses.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    In the event that it be shown that Plaintiff used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same were misused, abused or subjected to abnormal use.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiff knew or reasonably should have known of the substances which were used in the activities conducted at the places where he worked and he knew or reasonably should have known of the possible risks of personal injury from exposure to such substances, and by Plaintiff's voluntarily undertaking to live, work and/or continue to work with such substances at said places, he elected to accept such possible risks of personal injury, and his elections are a bar to Plaintiff's recovery in this action.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.    Answering Defendant did not authorize, approve or ratify the acts or omissions attributed to it in the Complaint.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.    Plaintiff's employers were sophisticated purchasers and/or users of products containing asbestos and had full knowledge of the dangers and risks associated with using or working around asbestos.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

39.    At all times material hereto, the state of the medical and industrial art was such that there was not generally accepted or recognized knowledge of any risk of danger connected with the use of such asbestos products, when used in the manner and for the purposes intended, so there is no duty by the Answering Defendant to know of such character or nature, or to warn Plaintiffs or other similarly situated.

### FORTIETH AFFIRMATIVE DEFENSE

40.    Answering Defendant is immune from liability for any conduct performed in conformance with government specifications.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.    Answering Defendant is immune from liability for any conduct performed in conformance with government specifications.

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.    Answering Defendant at all relevant times hereto complied with all applicable federal, state and other regulations.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.    Multiple awards of punitive damages against Answering Defendant would violate Article I, Section 8 of the Constitution of the State of Delaware; the prohibition against being twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments to the United States Constitution and the common law of the State of Delaware and any other state's law which may be applicable.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    Process and service of process are incomplete and improper.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    To the extent that various Defendants have concluded or may conclude settlement with the Plaintiffs, this Defendant is entitled to a set-off for any amount paid or to be paid.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

46.    This Defendant relies on the state-of-the-art defense.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

47.    Answering Defendant did not manufacture or supply any asbestos containing products that allegedly caused harm to the Plaintiff.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

48.    Plaintiff spouse has no independent claim.

## FORTY-NINTH AFFIRMATIVE DEFENSE

49.    This action is barred by the applicable statute of repose and/or builders' statute.

## FIFTIETH AFFIRMATIVE DEFENSE

50.    Answering Defendant is entitled to an equitable credit on any judgment which might be rendered against it in this action by virtue of any workers' compensation award rendered to the Plaintiffs with respect to the alleged asbestos-related injuries or other damages.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

51.    Plaintiffs' causes of action and alleged damages are barred or subject to reduction by virtue of principles of release.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

52.    Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

53.     Answering Defendant adopts by reference all affirmative defenses and pleadings by all other co-Defendants and/or third party Defendants except such affirmative defenses as may make any allegations against Answering Defendant.

**WHEREFORE,** Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that:

(1)     the Complaint be dismissed as to Answering Defendant, Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc.;

(2)     Plaintiffs' demand for relief be denied in each and every particular;

(3)     Answering Defendant be awarded costs in connection with this litigation, including costs and attorneys' fees; and,

(4)     the Court grant such other and further relief as may be just, proper and equitable.

## CROSS-CLAIMS AGAINST CO-DEFENDANTS

1.      Answering Defendant denies liability in all respects.  However, in the event that it is found liable in any respect, it demands full indemnification and/or contribution from all co-Defendants, plus attorneys' fees and costs.

## ANSWER TO ALL PAST, PRESENT AND/OR FUTURE CROSS-CLAIMS ASSERTED OR TO BE ASSERTED

1.      Answering Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. denies the allegations of any and all cross-claims which have been asserted or may be asserted in the future against it and demands that any and all such cross-claims be dismissed with prejudice.

**WHEREFORE,** pleading in the alternative, Answering Defendant demands that:

      (1)     judgment be entered in favor of Answering Defendants on its cross-claim;

      (2)     other cross-claim Plaintiffs' demand for relief be denied in each and every particular;

      (3)     Answering Defendant be awarded costs in connection with this litigation, including costs and attorneys' fees; and

      (4)     the Court grant such other and further relief as may be just, proper and equitable.

## JURY DEMAND

Answering Defendant hereby demands a Jury of Twelve to hear and decide all issues of fact which have been raised or may be raised by Plaintiffs, Defendants and co-Defendants.

**WHEREFORE,** Defendant Garlock Sealing Technologies, L.L.C. formerly known as Garlock, Inc. demands that the Complaint be dismissed with prejudice with costs assessed against Plaintiffs together with attorneys' fees and granting other and further relief as is just and proper.

                **GOLDFEIN & JOSEPH**

                <u>/s/ Gary H. Kaplan</u>
                Gary H. Kaplan, Esquire
                Attorney Bar # 2965
                222 Delaware Avenue, #1110
                P.O. Box 2206
                Wilmington, Delaware  19899
                (302) 656-3301
                Attorneys for Defendant,
                Garlock Sealing Technologies, L.L.C.
                formerly known as Garlock, Inc.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **BETTY AGEE, Individually and as** | : | **Case No. 06-668 (SLR)** |
| **Representative of the Estate of** | : | |
| **RICHARD L. AGEE, et al,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **A.W. Chesterton, et al,** | : | |
| **Defendants** | : | **Trial by Jury of Twelve** |
| | : | **Demanded** |

## <u>CERTIFICATE OF SERVICE</u>

I, Gary H. Kaplan, do hereby certify that on this 30th day of January, 2007, I

electronically filed an Answer to the Complaint, with Affirmative Defenses, Cross-Claims and

Reply to Cross-Claims with the Clerk of the Court using CM/ECF which will send notification

of such filing to all counsel of record.

**GOLDFEIN & JOSEPH**

<u>/s/ Gary H. Kaplan</u>
Gary H. Kaplan, Esquire
Attorney Bar # 2965
222 Delaware Avenue, #1110
P.O. Box 2206
Wilmington, Delaware  19899
(302) 656-3301
Attorneys for Defendant,
Garlock Sealing Technologies, L.L.C.
formerly known as Garlock, Inc.