IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

BETTY AGEE, individually and as )
representative of the Estate of RICHARD L. )     C.A. NO.: 06-668
AGEE (deceased), et al. )
                         )
            Plaintiffs, )
                         )
     v. )
                         )
A.W. CHESTERTON, et al., )
                         )
            Defendants. )

ANSWER OF DEFENDANT, SEPCO WITH AFFIRMATIVE
DEFENSES AND CROSS CLAIM TO THE PLAINTIFF'S COMPLAINT\

_____Defendant, Sepco, answers the allegations set forth in Plaintiff's Complaint as follows:

**JURISDICTION AND VENUE**

_____Answering defendant is without sufficient information to form a belief as to the truth of this averment in regarding's to plaintiff's allegations as to jurisdiction and venue and, therefore, it should be deemed denied.

**STATUTE OF LIMITATIONS**

_____Answering defendant denies all of the plaintiff's assertions in reference to the application of the Statute of Limitations.

**BACKGROUND FACTS - THE PLAINTIFFS**

1.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

2.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

3.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

4.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

5.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

6.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

7.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

8.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

9.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

10.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

11.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

12.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

13.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied. Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it

should be deemed denied.

14.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

15.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

16.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

17.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

18.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

19.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

20.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

21.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

22.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

23.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

24.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

25.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

26.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

27.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

28.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

29.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

30.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

31.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

32.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

33.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

34.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

35.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

36.    Answering defendant is without sufficient information to form a belief as to the truth of

this averment and, therefore, it should be deemed denied.

37.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

38.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

39.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

40.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

41.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

42.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

43.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

44.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

45.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

46.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

47.  Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

48.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

49.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

50.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

51.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

52.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

53.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

54.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

55.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

56.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

57.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

58.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

59.     Answering defendant is without sufficient information to form a belief as to the truth of

this averment and, therefore, it should be deemed denied.

60.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

61.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

62.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

63.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

64.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

65.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

66.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

67.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

68.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

69.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

70.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

71.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

72.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

73.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

74.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

75.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

76.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

77.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

78.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

79.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

80.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

81.     Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

82.     Answering defendant is without sufficient information to form a belief as to the truth of

this averment and, therefore, it should be deemed denied.

83.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

84.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

85.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

86.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

87.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

88.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

89.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

90.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

91.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

92.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

93.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

94.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

95.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

96.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

97.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

98.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

99.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

100.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

101.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

102.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

103.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

104.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

105.    Answering defendant is without sufficient information to form a belief as to the truth of

this averment and, therefore, it should be deemed denied.

106.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

107.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

108.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

109.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

110.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

111.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

112.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

113.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

114.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

115.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

116.    Answering defendant is without sufficient information to form a belief as to the truth of this averment and, therefore, it should be deemed denied.

117.    Answering defendant is without sufficient information to form a belief as to the truth of
        this averment and, therefore, it should be deemed denied.

## BACKGROUND - THE DEFENDANTS

118.    Answering defendant hereby adopts, alleges and incorporates by reference all of the
        averments and answers set forth in the paragraph of this Answer as if fully set forth
        herein.

119.    Denied.

120.    (a) through (bb), Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Answering defendant is without sufficient information to form a belief as to the truth of
        this averment and, therefore, it should be deemed denied.

        WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs
assessed against the plaintiff.

## DEFENDANT'S CONDUCT AND PLAINTIFF'S DECEDENT'S INJURY

125.    Answering defendant hereby adopts, alleges and incorporates by reference all of the
        averments and answers set forth in the paragraphs of this Answer as if fully set forth
        herein.

126.    Denied.

127.    Denied.

128.    Denied.

129.    (a) through (r), Denied.

130.    Denied.

WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs assessed against the plaintiff.

## COUNT ONE

131.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

132.    (a) and (b), Denied.

133.    Denied.

134.    Denied.

WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs assessed against the plaintiff.

## COUNT TWO

135.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs assessed against the plaintiff.

### COUNT THREE

148.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs assessed against the plaintiff.

### COUNT FOUR

155.    Answering defendant hereby adopts, alleges and incorporates by reference all of the averments and answers set forth in the paragraphs of this Answer as if fully set forth herein.

156.    Denied.

157.    Denied.

158.    Denied.

WHEREFORE, defendant Sepco demands that the Complaint be dismisses with costs

assessed against the plaintiff.

## AFFIRMATIVE DEFENSES

159.    Answering defendant hereby adopts, alleges and incorporates by reference all of the

averments and answers set forth in the paragraphs of this Answer as if fully set forth

herein.

## FIRST AFFIRMATIVE DEFENSE

160.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

161.    The claims set forth in the Complaint are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

162.    The plaintiffs were contributorily negligent in that they used and exposed themselves to

products which they knew or should have known would be injurious to their health, and

they failed to take reasonable precautions to guard against any dangers resulting

therefrom.

## FOURTH AFFIRMATIVE DEFENSE

163.    The plaintiffs assumed the risk of any injuries about which they complained.

## FIFTH AFFIRMATIVE DEFENSE

164.    At all relevant times, the knowledge of other persons and business entities, and the ability

of such other persons and business entities to take action to prevent the injuries of which

plaintiffs complain, was superior to that of the answering defendant, and, therefore, if there was any duty to warn plaintiffs, the duty was on those other persons and business entities and not on the answering defendant.

## SIXTH AFFIRMATIVE DEFENSE

165.    The answering defendant is immune from liability for any conduct performed in conformance with government specifications.

## SEVENTH AFFIRMATIVE DEFENSE

166.    The failure of plaintiff's employer to warn and/or safeguard plaintiffs from any possible health hazards associated with asbestos was an intervening and superseding cause of plaintiffs' alleged injuries.

## EIGHTH AFFIRMATIVE DEFENSE

167.    The Complaint in this matter contains the claims of 117 separate and individual plaintiffs, each demanding a separate jury trial, but fails to set forth any rational justification or request for consolidation of these multiple claims. Without an Order from the Court permitting consolidation the Complaint should be dismissed.

## NINTH AFFIRMATIVE DEFENSE

168.    Plaintiffs' employers' failure to provide the proper protective equipment to insure a safe work environment was the proximate cause of any injuries of which plaintiffs complain.

## TENTH AFFIRMATIVE DEFENSE

169.    The Complaint fails to state a claim for punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

170.    The Complaint fails to state a claim upon which relief can be granted for prejudgment interests.

## TWELFTH AFFIRMATIVE DEFENSE

171.    The claims for punitive damages are barred by the Fifth, Sixth, Eighth and Fourteenth

Amendments of the Constitution of The United States of America and of the Constitution

of the State of Delaware.

## THIRTEENTH AFFIRMATIVE DEFENSE

172.    Claims for punitive damages are barred by the Due Process Clause of the Fourteenth

Amendment to the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

173.    This action is barred by the doctrine of sophisticated purchaser.

## FIFTEENTH AFFIRMATIVE DEFENSE

174.    Plaintiff's injuries, if any, were solely and proximately caused by the negligence of some

person or persons, corporation, association or other entity not a party to this lawsuit, or

were solely and proximately caused by defects in products manufactured by some other

person or persons, corporation, association or legal entity not a party to this lawsuit.

## SIXTEENTH AFFIRMATIVE DEFENSE

175.    The plaintiff misused the asbestos containing product which misuse was the proximate

cause or contributed to the injuries and damages of which plaintiffs complain.

## SEVENTEENTH AFFIRMATIVE DEFENSE

176.    If it is proven tat the plaintiff came in contact with or was exposed to any products

manufactured, sold and/or used by answering defendant, said products were materially

changed, altered or modified by others, including but not limited to the plaintiffs

themselves.

## EIGHTEENTH AFFIRMATIVE DEFENSE

177.    Answering defendant had no knowledge of the dangerous propensities of the material

allegedly causing the injuries and damages to the plaintiffs.

## NINETEENTH AFFIRMATIVE DEFENSE

178.    At the time of the manufacture, distribution, sale or use of any products for which

answering defendant is alleged to be liable, the body of knowledge in the scientific,

medical and industrial communities did not recognize any risk of danger connected with

the use of said products, and accordingly answering defendant relies on the state-of-the-

art defense.

## TWENTIETH AFFIRMATIVE DEFENSE

179.    In the event it is found that plaintiff was exposed to any products supplied by answering

defendant such exposure was *de minimus* and is not sufficient to establish a reasonable

degree of probability that a product supplied by answering defendant caused any injury to

the plaintiff.

## TWENTY FIRST AFFIRMATIVE DEFENSE

180.     The alleged incident, injuries and damages of which the plaintiffs complain were caused

by unauthorized, unintended or improper use of the products complained of and as a

result of the failure to exercise reasonable and ordinary care, caution or vigilance for

which answering defendant is not legally liable for or responsible.

## TWENTY SECOND AFFIRMATIVE DEFENSE

181.    Answering defendant is entitle to a set-off for any amounts paid or to be paid by other

defendants as a settlement with plaintiffs.

## TWENTY THIRD AFFIRMATIVE DEFENSE

182.    The complaint should be dismissed as to the answering defendant under the doctrine of

*forum non conveniens.*

## TWENTY FOURTH AFFIRMATIVE DEFENSE

183.    Answering defendant is not liable for the intentional torts of any of its predecessors in

interest.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

184.    Strict liability is not the law in the State of Delaware.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

185.    Plaintiffs are estopped from proceeding with causes of actions alleged in their Complaint.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

186.    The complaint fails to specify any willful or wanton conduct on the part of the answering

defendant, and, therefore, all claims for and references to the recovery of special damages

in the Complaint must be stricken.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

187.    The Complaint fails to specifically state the items of special damages claimed as required

by Court Rule 9(g) and, therefore, all claims for and references to the recovery of special

damages in the Complaint must be stricken.

## TWENTY NINTH AFFIRMATIVE DEFENSE

188.    The Complaint fails to allege with specificity any act, actions or conduct on the part of

the answering defendant which constitutes negligence, fraud or conspiracy as required by

Court Rule 9 and therefore all claims and/or damages based upon allegations of

negligence, fraud or conspiracy must be stricken.

## THIRTIETH AFFIRMATIVE DEFENSE

189.    Plaintiffs' claims for punitive damages are barred by the Due Process clause of the

Fourteenth Amendment of the Constitution of the United States of America.

## THIRTY FIRST AFFIRMATIVE DEFENSE

190.    Plaintiffs' claims for punitive damages are barred by the "double jeopardy" clause of the

Fifth Amendment of the Constitution of the United States of America.

## THIRTY SECOND AFFIRMATIVE DEFENSE

191.    The process of original service of process is insufficient; statutory and court rule

requirements have not been satisfied.

## THIRTY THIRD AFFIRMATIVE DEFENSE

192.    The claims have been compromised and settled with the named defendant.

## MOTION TO STRIKE

193.    The Complaint fails to allege any willful, wanton or reckless conduct on the part of the

answering defendant specifically, and, therefore, all claims for and reference to the

recovery of punitive damages in the Complaint must be stricken as to the answering

defendant.

194.    The Complaint fails to allege any acts, actions, or conduct on the part of the answering

defendant which constitute fraud or conspiracy with specificity as required by Federal

District Court Civil Rule 9, therefore, all claims and/or damages based upon allegations

of fraud or conspiracy must be stricken as to the answering defendant.

## MOTION TO DISMISS

195.    References to strict liability and/or premises liability fail to state a claim upon which

relief can be granted against the answering defendant and, therefore, the Complaint must

be dismissed.

196.    The Complaint must be dismissed pursuant to Federal District Court Rule 12(b)(2), on

the basis of a lack of personal jurisdiction over the answering defendant.

## CROSSCLAIM FOR CONTRIBUTION AND INDEMNIFICATION

197.    The answering defendant denies that it is liable to the plaintiffs in any respect. However,

in the event that answering defendant is held liable to the plaintiffs, then it cross claims

against each and every co-defendant on the grounds that the conduct of one or several co-

defendants was the primary cause of the damages sustained by the plaintiffs and that the

answering defendant, if liable at all, is only secondarily liable. The answering defendant,

therefore, is entitled to indemnification from each and every co-defendant.

198.    In the event that the answering defendant is held primarily liable to the plaintiff, then the

alleged wrongful acts of the co-defendants are contributing causes of the damages

sustained by the plaintiff and the answering defendant is entitled to contribution in any

amount which it may be required to pay to the plaintiff as a result of the co-defendant's

wrongful acts, based on the relative degrees of fault determined pursuant to the provisions

of Delaware's Uniform Contribution Among Tortfeasor's Law, 10 Del.C. §6308.

## ANSWERS TO CROSSCLAIMS

199.    The answering defendant denies the allegations of any crossclaim that has been or may be

asserted against it and demands that any such crossclaim be dismissed. Further, it is

asserted that if liability is found, there should be apportionment made by the trier of fact.

## JURY DEMAND

200.    Answering defendant hereby demands a Jury of Twelve to hear and decide all issues of

fact which have been raised or may be raised by plaintiffs, defendant and co-defendants.

WHEREFORE, defendant Sepco demands that the Complaint be dismissed with costs assessed to the plaintiffs.


_R. Stokes Nolte_
R. Stokes Nolte, Esquire
De. State Bar I.D. 2301
Nolte & Associates
1010 N. Bancroft Parkway
Suite 21
Wilmington, DE 19805
(302) 777-1700

Attorney for defendant, Sepco

Date: February 26, 2007