IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | MULTIDISTRICT LITIGATION |
| LIABILITY LITIGATION | : | NO. MDL 875 |

### ADMINISTRATIVE ORDER NO. 11

Whereas Asbestos Products Liability Litigation (MDL 875) has been an active, ongoing multidistrict action since July 29, 1991, and

Whereas the undersigned transferee judge has analyzed the existing Court case management procedures as they relate to MDL 875, and is of the view that adjustments of these procedures need to be made to allow a more efficient discharge of the transferee court's responsibilities, it is hereby

**ORDERED** that the following modifications to the existing procedures for the processing of cases, dockets, pleadings and orders in MDL 875 cases are adopted:

1. ***Calendar Management.***

    Effective immediately, and except as otherwise set forth herein, the management of the case files and dockets for all pending MDL 875 cases (and, the files and dockets for all future MDL 875 cases filed after the entry of this Administrative Order) shall be transferred to the Transferee Court in accordance with both the schedule compiled by the Clerk of the Transferee Court and the following terms:

    A. **Actions to be taken by the Clerks of the Transferor Courts.**

       I. The Clerks of the Transferor Courts shall retain all case files for those actions in which all claims have been completely resolved between all parties, including bankrupt defendants, whether by dismissal, stipulation or attrition. Unless otherwise directed, case files and dockets of cases previously remanded to the Transferor Courts by the Judicial Panel on Multidistrict Litigation shall also be retained by the Transferor Court. In addition, the Clerks of the Transferor Courts shall retain all case files and dockets for those actions transferred to a state court or a federal district court registry which has been previously specifically established for the placement and tracking of asbestos personal injury cases which do not currently meet specified criteria for advancement to trial.

       II. The remaining cases having unresolved claims against bankrupt defendants and non-bankrupt defendants shall be transferred to the Transferee Court in the following manner:

          a. In the interests of administrative efficiency and uniformity, upon the entry of an Order of Transfer by the undersigned

       judge, a list of all cases to be transferred shall be sent by the Clerk of the Transferee Court to the Clerk of the Transferor Court. The Clerk of the Transferee Court shall retrieve a copy of each docket sheet from the CM/ECF system from the Clerk of the Transferor Court for the transferred cases, and shall initiate a new file in the Transferee Court. The Clerk of the Transferor Court shall mark the Transferor Court's file "CLOSED."

      b. In the event the Transferor Court does not maintain its MDL 875 cases under the CM/ECF system, a paper copy of each docket sheet for the cases to be transferred shall be forwarded to the Clerk of the Transferee Court.

      c. New pleadings, documents and other papers received for filing after the case has been transferred shall be forwarded to the Clerk of the Transferee Court, and the Clerk of the Transferor Court shall notify all counsel concerned, as well as all *pro se* parties, that all future pleadings are to be filed with the Clerk of the Transferee Court, in accordance with the conditions set forth in Section 1.B.II of this Administrative Order, by giving notice of this Order to counsel and to any *pro se* party.

   III. Documents in any asbestos personal injury lawsuit involving MDL 875 filed in any one Transferor Court shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

   IV. Any document in any asbestos personal injury lawsuit involving MDL 875, over which the Transferor Court, and not the Transferee Court, has jurisdiction and venue, shall not be filed in the Transferee Court until a Transfer Order has been entered in the Transferee Court that states that documents in that specific Transferor Court shall be filed in the Transferee Court.

B. **Actions to be taken by the Clerk of the Transferee Court.**

   I. The Clerk of the Transferee Court shall maintain dockets and create case files in all actions transferred from the Transferor Courts as soon as they are received.

   II. All documents submitted to the Clerk of the Transferee Court shall be treated in all respects in accordance with the Transferee Court's Local Rules of Civil Procedure 5.1.2; 5.1.3; and, 5.1.4. All attorneys who file documents pursuant to the Transferee Court's Local Rule of Civil Procedure 5.1.4 shall apply for a signature code by completing and filing with the Clerk of the Transferee Court a

        Validation of Signature Form, a copy of which is attached hereto. Such an attorney's signature code shall be entered on the signature line of the courtesy copy of the document for the purpose of signature validation pursuant to Federal Rule of Civil Procedure 11.

  III.    The Clerk of the Transferee Court shall compile a schedule of all MDL 875 cases in order to allow for the more efficient transfer of MDL 875 cases from the Transferor Court to the Transferee Court.

  IV.    The Clerk of the Transferee Court shall submit to the undersigned transferee judge a quarterly pending caseload status report specific to the Transferee Court and each Transferor District Court.

2. ***Motions.***

All Motions pending in MDL 875 which are neither granted nor denied as of the date of transfer of a case from the Clerk of the Transferor Court to the Clerk of the Transferee Court shall be deemed denied *without prejudice* and with all time requirements held in abeyance from the initial date of filing. Counsel may refile any unresolved motions for further transferee court action. Motions brought in accordance with the procedures contained in Administrative Order #3 shall be preceded by a telephone conference with the Court. Disputing counsel shall attempt to resolve issues between the parties without Court assistance, and failing resolution, through a telephone conference with the Court prior to the filing of any disputed motion.

3. ***Exclusions.***

The dockets and files for cases filed in the United States District Court for the Northern District of Ohio under the designation "MARDOC-MDL875(2)" shall not be transferred at this time under the terms of this order.

4. ***Conflicts.***

To the extent that any conflicts exist, this Administrative Order shall take precedence over and supercede all previous administrative orders in this Multidistrict Litigation consolidation.

**BY THE COURT:**

 8/15/06                                       /s/ James T. Giles
**DATE**                                  **JAMES T. GILES, J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

OFFICE OF THE CLERK OF COURT

Rule 5.1.4 of the Local Rules of Civil Procedure
Governing the Format of Documents in Electronic Form

**Validation of Signature Form**

Pursuant to Rule 5.1.4, *Format of Documents in Electronic Form*, all attorneys who are not Electronic Case Filing ("ECF") Users, as defined in the *Procedural Order on Electronic Case Filing* referenced in Rule 5.1.2 of the Local Rules of Civil Procedure, are required to complete this *Validation of Signature* form validating his or her signature for submission of all filings (subsequent to the complaint) on disk in portable document format (PDF), so that the filings may be entered into the District Court's ECF system. The document on disk must be accompanied by a courtesy copy of the document in paper format for use by the court. Attorneys who complete this form will receive a signature code which must be used by the attorney on the signature line of all courtesy copies submitted with a disk. The document as submitted on the disk will constitute the original document under Section (b) of Local Civil Rule 5.1.4.
**(Please Print or Type)**

First Name:_____ Middle Initial/Name:_____

Last Name:_____ Generation (i.e., Sr., Jr.) _____

Firm:_____ Bar Id No. and State:_____

Address:_____

Address:_____

City: _____ State:_____ Zip Code _____

Telephone No: (___)_____ FAX No: (___)_____

E-mail Address: _____

Are you admitted to practice in the Eastern District of Pennsylvania?
  ☐ Yes        ☐ No
If yes, are you a member in good standing?
  ☐ Yes        ☐ No

Are you admitted to practice pro hac vice in the Eastern District of Pennsylvania?
  ☐ Yes        ☐ No

Are you registered as an ECF Filing User in the Eastern District of Pennsylvania?

  ☐ Yes        ☐ No

If no, would you like to also register as an ECF Filing User in the Eastern District of Pennsylvania?
☐ Yes           ☐ No

**By submitting this registration form, the undersigned agrees/consents to the following:**

1. I have read and understood the provisions of Rule 5.1.4 of the Local Rules of Civil Procedure, *Format of Documents in Electronic Format,* and the court's *Procedural Order Governing the Format of Documents in Electronic Form,* and I agree to abide by all provisions set forth therein.

2. I agree that this form constitutes my signature for all filings (subsequent to the complaint) which must be submitted on disk in portable document format (PDF), as required by Section (b) of Rule 5.1.4, *Format of Documents in Electronic Form.* I understand that I will be provided with a signature code which I must use on the signature line of all courtesy copies submitted with a disk   I have read and understood the provisions of Rule 11 of the Federal Rules of Civil Procedure, and I agree that my signature code used on the signature line of all courtesy copies submitted with a disk will serve as my signature for purposes of Rule 11.  I further understand that the document as submitted on the disk will constitute the original document under Section (b) of Local Civil Rule 5.1.4.

3. I understand and agree that service of process will be made in accordance with those provisions set forth in Rule 5 of the Federal Rules of Civil Procedure.

*I hereby certify that the above information is true and correct and I am a member in good standing of the United States District Court for the Eastern District of Pennsylvania.*

_____          _____
          Signature                                        Date

Please return completed form by U.S. Mail to:  Michael E. Kunz
                                               U.S. District Court
                                               2609 U.S. Courthouse
                                               601 Market Street
                                               Philadelphia, PA 19106-1797

NOTICE

RE: MDL 875
Asbestos Litigation

Please be advised that pursuant to Administrative Order No. 11, all documents in MDL 875 are to be filed in the United States District Court for the Eastern District of Pennsylvania. Documents should be filed with:

Clerk of Court
US District Court
Eastern District of Pennsylvania
US Courthouse
601 Market Street
Philadelphia PA 19106-1797

or

Filed Electronically using ECF

Should you have any questions concerning this matter, please contact the Office of the Clerk of Court at 267-299-7018 or 267-299-7019.

| Date | PA ED # | Transfer # | Name of Plaintiff | Transfer Dist./Div |
|---|---|---|---|---|
| 3/22/2007 | 63018 | 88-00161 | Threadgill, Selen H. (Est. of W.L. Threadgill) | DELAWARE - 1 |
| 3/22/2007 | 63019 | 88-00612 | Dixey, John E., III | DELAWARE - 1 |
| 3/22/2007 | 63020 | 01-00166 | Jones, Lois (Est. of Paul L. Jones) | DELAWARE - 1 |
| 3/22/2007 | 63021 | 01-00167 | Ruggles, Gale L. | DELAWARE - 1 |
| 3/22/2007 | 63022 | 01-00534 | Alcock, Rita G. (Est. of John W. Alcook) | DELAWARE - 1 |
| 3/22/2007 | 63023 | 01-00535 | Hart, Barbara (Est. of V. Hart) | DELAWARE - 1 |
| 3/22/2007 | 63024 | 01-00536 | Kuhn, Cecelia F. | DELAWARE - 1 |
| 3/22/2007 | 63025 | 01-00538 | Aaron, Oscar | DELAWARE - 1 |
| 3/22/2007 | 63026 | 01-00852 | Aniceti, Andrew | DELAWARE - 1 |
| 3/22/2007 | 63027 | 06-00668 | Agee, Betty (Est. of Richard L. Agee) | DELAWARE - 1 |
| 3/22/2007 | 63028 | 06-00673 | Harwood, Lillian | DELAWARE - 1 |

# UNITED STATES DISTRICT COURT
## FOR THE Eastern District of Pennsylvania

IN RE: ASBESTOS PRODUCTS : MDL 875
    LIABILITY LITIGATION :
    ALL ACTIONS :
    (See attached schedule for case list) :

## TRANSFER ORDER NO. 19

The Court hereby ORDERS the Clerk of the District Court for the Eastern District of Pennsylvania, the Transferee Court, to initiate the procedures for the transfer of MDL-875 cases from the District Court for the District of Delaware, the Transferor Court, in accordance with the terms of this Court's Administrative Order No. 11, a copy of which is attached hereto.

The effective date of transfer is upon entry of this order.

                                    BY THE COURT

                                    s/JAMES T. GILES
                                    JAMES T. GILES, J.

Date: 3-22-07